# Ernst Brothers *v.* Hollis.

*Action against Husband and Wife, for Family Supplies.*

86   511
98   656
86   511
101  643
86   511
116  110
118  377

1. *Compromise, as accord and satisfaction.*—A compromise of a doubtful claim—that is, a *bona fide* claim based on colorable right—will not only be upheld, but is encouraged by the law; but, if a claim is clearly and absolutely unsustainable, either at law or in equity, its compromise is not a sufficient legal consideration, and is not available as accord and satisfaction.

2. *Same; wife's claim to rents, income and profits.*—The husband having executed a mortgage for advances on the crop to be raised on lands belonging to his wife's statutory estate, prior to the 28th February, 1887, when the statutes now of force became operative, his subsequent promise to let his wife have the crop is of no effect as against the mortgagee; and her abandonment of a claim to the crop, in consideration that the mortgagee would release her property from liability for a debt contracted in the purchase of articles of comfort and support of the household (*Code, 1876, § 2711*), is not available as an accord and satisfaction.


APPEAL from the Circuit Court of Marengo.

Tried before the Hon. WM. E. CLARKE.

This action was brought by Ernst Brothers, suing as partners, against John L. Hollis and his wife, Mrs. Elizabeth G. Hollis; and was commenced on the 20th August, 1887. The complaint claimed $365.91, as due by account on the 8th January, 1886, for goods, wares and merchandise sold and delivered by plaintiffs to defendants; averring that they were husband and wife at the time, that the goods sold were articles of family supply for their comfort and support, were suitable to their estate and condition in life, and such as the husband would be liable for at common law; and seeking to charge lands belonging to the statutory estate of Mrs. Hollis, which were particularly described. The defendants jointly pleaded (1) the general issue, (2) payment, (3) accord and satisfaction; and Mrs. Hollis filed a separate plea of set-off, alleging that the plaintiffs were indebted to her in the sum of $1035, the proceeds of twenty-three bales of cotton belonging to her, which they had received and sold. Issue was joined on these several pleas. Under the rulings of the court in the charges to the jury, sustaining the validity of the agreement or compromise set up by Mrs. Hollis, the jury returned a verdict for the plaintiffs, as against John L. Hollis, but further found that the separate estate of Mrs. Hollis was not liable for the debt. These charges of the court, to which the plaintiffs excepted, are now assigned as error.

TAYLOE & JOHNSTON, for appellants, cited *Lee v. Tannenbaum*, 62 Ala. 501; *Boyett v. Porter*, 80 Ala. 476; *Allen v. Allen*, 80 Ala. 180; *Westmoreland v. Foster*, 60 Ala. 448; *Webster v. Singley*, 53 Ala. 207; *Levystein v. Whitman;* 59 Ala. 345; *Aderholt v. Embry*, 78 Ala. 185; *Jordan v. Smith*, 83 Ala. 299; *Cleere v. Cleere*, 82 Ala. 581; *Prince v. Prince*, 67 Ala. 565; *Ware v. Wagner*, 67 Ala. 461; 14 Amer. Dec. 289; 25 *Ib.* 569.

G. W. TAYLOR, *contra*, cited 99 Amer. Dec. 514; 97 *Ib.* 615; 85 *Ib.* 270; 26 *Ib.* 52, note.

STONE, C. J.—The present case must be determined under our woman's law as it existed before February 28th, 1887.—Code of 1876, §§ 2706, 2711. The purpose of the suit is to subject the *corpus* of the wife's statutory separate estate, to the payment of an account alleged to have been contracted in the purchase of articles of comfort and support of the household. The defense relied on in the court below

[Ernst Brothers v. Hollis.]

was, that after the debt was incurred, there was an agreement, accord and satisfaction, or compromise, by which Ernst Brothers absolved and discharged the separate property of Mrs. Hollis from all liability for the debt.

Joseph L. Hollis, the husband, had the management and control of his wife's statutory separate estate, and cultivated a crop on her lands in 1885. He cultivated with hired labor. January 3, 1885, he executed a mortgage to Ernst Brothers, conveying to them the entire crop he might produce that year, to secure a note, described as being given to secure advances made by them to enable him to make a crop during that year. The testimony most favorable to Mrs. Hollis tended to show, that twenty or more bales of cotton was produced on her lands that season, which, at its close, were in the hands of Ernst Brothers. She testified that her husband had promised that the cotton crop of that year should be marked in her name, and should be subject to her control. This promise was made after the execution of the mortgage to Ernst Brothers. She testified further, and another witness corroborated her statement, that she set up claim to the crop in the hands of Ernst Brothers, and that an agreement was then entered into between them and her (not shown to have been in writing), to the effect that if she would surrender all claim to the cotton, and allow it to be credited on her husband's debt, they, Ernst Brothers, would release her property from any and all claim they might have against it. Ernst in his testimony denied this. She testified further, that pursuant to this agreement, she did relinquish her claim to the cotton, and permitted Ernst Brothers to retain it on her husband's debt. The question is thus presented, was this a compromise, or accord and satisfaction, which is binding in law?

The authorities bearing on this legal question express the principle in somewhat varying phraseology. The question in this class of cases is, whether there is a consideration to uphold the release, or agreed compromise. The surrender of a mere assertion of claim, or the withdrawal of a threat to sue, when the claim is without legal merit, whether its legal invalidity is known or not, will not uphold a release, or agreement of compromise. "When a claim is absolutely and clearly unsustainable at law or in equity, its compromise constitutes no sufficient legal consideration."—*Prince v. Prince*, 67 Ala. 565; *Prater v. Miller*, 25 Ala. 320; s. c.,

33

[Ernst Brothers v Hollis.]

60 Amer. Dec. 521, and note; *Hoge v. Hoge*, 26 *Ib.* 52; *Cassell v. Ross*, 85 *Ib.* 270; *Pitkin v. Noyes*, 97 *Ib.* 615.

We must not be understood as affirming, that every compromise, or agreement of compromise, may be avoided by proof of the invailidity to the claim asserted. What we have said must be limited to cases of like kind. Whenever there is a *bona fide* claim, based on colorable right, such as conflicting or indeterminate testimony from which inferences are to be drawn, and many other supposable categories, it would seem compromises will not only be upheld, but the law encourages them.—*Knotts v. Preble*, 99 Amer. Dec. 514; *Farmers & Mer. Ins. Co. v. Chesmitt*, *Ib.* 492, and note; *Perryman v. Allen*, 50 Ala. 573.

We have often had occasion to remark, that a married woman's statutory separate estate, prior to the enactment of the recent woman's law—February 28, 1887—together with the husband's interest therein, was a very peculiar estate. All the attributes of property in its rents, income and profits vested in the husband, save one,—its liability for his debts. While the husband remained her trustee, the wife enjoyed none of these attributes in the rents, income or profits; for she could neither enjoy, charge, incumber, convey, nor transmit the same. Its conversion or consumption could not become the consideration of a valid promise or conveyance to her. These have been our rulings since the enactment of the statute approved February 13, 1850—Sess. Acts. 63; Code of 1852, § 1983. See the authorities collected in *Lee v. Tannenbaum*, 62 Ala. 501; 3 Brick. Dig. 557, §§ 227 *et seq.*

On the other hand, the husband had all the rights of property in such rents, income and profits, except the single one, its liability for his debts. He could consume it, give it away, pledge or mortgage it; or invest it in property for himself, which would thereby become his own, relieved of all infirmities of title. And while the income and profits remained *in specie*, and not conveyed nor incumbered by him, he could make a valid gift of them to his wife, or to any one else, provided he conformed to the rules necessary to perfect a gift of chattels.—Authorities *supra*, and *Westmoreland v. Trousdale*, 60 Ala. 448; *Boyett v. Potter*, 80 Ala. 476; *Early v. Owens*, 68 Ala. 171; *Daffron v. Crump*, 69 Ala. 77; *Long v. Efurd*, 5 So. Rep. 482; *ante*, p. 267.

Under the rules declared above, the claim of Mrs. Hollis to the cotton, or any part of it, was, as matter of law, abso-

lutely without merit, and furnished no consideration for any promise Ernst Brothers may have made to discharge her property from liability for their claim.

The rulings of the Circuit Court were in conflict with our views; and for that error the judgment is reversed, and the cause remanded.