# Roach *v.* Warren-Neeley & Co.

## *Assumpsit.*

(Decided May 9, 1907.  44 South. 103.)

1. *Accord and Satisfaction; Payment; Check.*—Although the check stated that it was in full of account the collection by it of the payee was not a satisfaction of the account where the account was more than the amount of the check, and the payee notified the drawer that it would not be accepted in full of account.

2. *Appeal; Record; Evidence; Instruction.*—Where the bill of exceptions did not set out the evidence in full but only its tendencies, this court cannot say on appeal that the facts hypothesized in written instructions requested were not stated in the evidence.

3. *Sales; Construction of Contract; Duration; Termination.*—Where good were purchased under an agreement that if any of them could not be used in the business they could be returned and credit given therefor, and these goods were paid for and the account of purchase settled, the party receiving them could not afterwards return any part of them and demand a credit upon another bill.

4. *Same; Rescission; Right of Buyer; Defect in Goods.*—Where goods are purchased under an agreement that they should be opened and if found not to come up with the bill or not satisfactory or salable, the buyer could return them and get credit therefor, it became his duty on receiving the goods to examine them, and if they fell within either of the excepted classes, to return them without unreasonable delay, and he could not expose them for sale for months and then return them.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by Warren, Neely & Co. against John P. Roach. From a judgment for plaintiff, defendant appeals. Affirmed.

This is an action by the members of the firm of Warren, Neely & Co. against John P. Roach on account for the sum of $77. The pleas were the general issue, payment, and that at the time of said sale plaintiffs agreed with defendant that, if defendant could not make any of said goods available as stock in his business, he could

return them to plaintiffs, and plaintiffs would credit him for same; that defendant was a merchant, and bought said goods for trade; that after receiving said goods he was reasonably diligent in his efforts to sell them to his customers; that many of said goods were not salable, and that all that were not salable he returned to plaintiff before the beginning of this suit; but said goods so returned were worth the sum of $————, and defendant claims said amount as a set-off against plaintiffs' demand. The tendencies of the evidence, as stated in the bill of exceptions for plaintiffs, were that the account was just, due, and unpaid, and amounted to $250.89. The tendencies for the defendant were as stated in the plea, and that the amount of goods returned were $77.55 , and that his check had been sent to plaintiffs and collected by plaintiffs for $173.24, and on the check was indorsed by him (the defendant) "in full of account." It further appeared that on receipt of the check plaintiffs notified defendant that they would not accept the check in full of account, nor receive the goods returned, but that the check was collected by plaintiffs.

In its oral charge the court stated: "The plaintiffs had the right to collect the check for $173.24; and plaintiffs, in collecting said check, were not thereby bound to accept it in full of account, although the check so stated." The court also gave the following charge at the request of the plaintiffs: "(1) Plaintiffs were not bound to satisfy Roach's account, when they received the check for $173.24, simply because said check had on it the words 'in full of account.' (2) If the goods bought by Roach in December, 1903, were paid for, or the bill was settled in the early part of March, 1904, then Roach had no right to return any part of said goods and demand a credit for same on the second bill, due June 1, 1904; and if he did ship back any part of the goods in

said first bill he is not entitled to a credit for the amount of the same. (3) If the jury reasonably believe from the evidence that defendant owed the plaintiffs the sum of $250.89 for goods purchased, and that said account was due on the 1st day of June, 1904, and that on or about the 6th day of June, 1904, he paid by check $173.24 leaving a balance of $77.55 due on said account, then you should find for the plaintiffs, unless you should find from the evidence that the defendant shipped back to the plaintiffs enough of said goods to cover said balance, and that plaintiffs ought to have received said goods so returned in full satisfaction of said balance. (4) If the jury reasonably believe from the evidence that, when the first bill of goods was made, Mrs. Roach said to Templeton, 'Now, we don't want any substitute,' and in reply Templeton said: 'That is all right. When the goods come, and you open them up, if they don't come up to the bill, and are not satisfactory, and are not salable, then you ship them back, or fire them back'— then, on receiving them and opening them up, it was the duty of Roach to examine said goods, and determine whether or not they were up to the bill ordered, and were to any extent substitutes, and, if so, whether they were salable or not; and if found to be unsatisfactory, or substitutes and unsalable, to return them without unreasonable delay. Under such an agreement of Templeton, if he made it, Roach would not have the right to expose the goods for sale for months and return them. (5) If the jury reasonably believe from the evidence that, when the first bill of goods was made, Templeton said to Mr. Roach or Mrs. Roach, 'When the goods come, and you open them up, and you find them unsatisfactory, or not up to the grade of goods ordered, or not salable, then ship back, or fire them back,' then under such state of the case it was the duty of Roach, on re-

ceiving and opening said goods, to examine the same and determine whether or not they came up to the bill of goods ordered, and were or were not satisfactory, or were or were not salable. Such agreement or statement of Templeton did not authorize Roach to return said goods after he had had them opened for sale in his store for months."

There was judgment for plaintiffs, and defendant appeals.

BILBRO & MOODY, for appellant.—Counsel discuss the oral charge of the court and the first and second written charges for appellee but cite no authority in support thereof.

The third written charge given for appellee exacts a too high degree of proof.—*L. & N. R. R. Co. v. Sullivan*, 126 Ala. 103; *U. S. Fidelity Co. v. Charles*, 131 Ala. 658. The fourth charge assumes that Roach exposed the goods for sale for months and then returned them.—*McDougal v. Weatherford*, 30 Ala. 253; *Jones v. Fort*, 36 Ala. 449; *Crosby v. Montgomery*, 108 Ala. 498.

JOHN S. PROCTOR, and J. B. TALLEY, for appellees.—No brief came to the Reporter.

DOWDELL, J.—The bill of exceptions in this case does not purport to set out the evidence in full had upon the trial, but in the main only its tendency. The assignments of error on the record relate alone to the oral charge of the court and certain written charges, given at the instance of the plaintiffs. It was not a disputed fact that at the time the defendant mailed to the plaintiffs the check for $173.24 he (the defendant) was indebted to the plaintiffs on account in the sum of $250.89. The part of the oral charge of the court, excepted to by

20 R

[Rainer Mercantile Co. v. Deal and Deal v. Rainer Mercantile Co.]

the defendant and here assigned as error, correctly stated the law. As the bill of exceptions does not undertake to set out in full all the evidence, but only its tendencies, we are not prepared to say, and cannot say, that the facts hypothesized in the written charges asked by the plaintiffs were not stated in evidence. On the facts hypothesized in the several written charges, the court correctly stated the law.

We find no error in the record, and the judgment appealed from will be affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.