# Cahaba Coal Company *v.* Hanby.

### *Assumpsit.*

(Decided January 21, 1913.  61 South. 33.)

*Accord and Satisfaction; Pleading.*—Where the action was for balance of salary as superintendent of defendant's coal mine, a plea alleging that no fixed sum was agreed on as a salary when plaintiff entered defendant's employ, and that it was plaintiff's duty to compile, or cause to be compiled, sheets showing the daily cost of coal, and that the sheets compiled and inspected and forwarded by plaintiff, without objection embraced the item of his salary, and that such amount was paid by defendant to plaintiff from time to time without objection by plaintiff, was not sufficient as a plea of accord and satisfaction, in that it failed to aver that the payment was made or received in full satisfaction of the account sued on.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

[Cahaba Coal Company v. Hanby.]

Action by John D. Hanby against the Cahaba Coal Company in assumpsit. Judgment for plaintiff, and defendant appeals. Affirmed.

The fourth special plea is as follows: "Defendant avers that there has been an accord and satisfaction of said demand between plaintiff and defendant in this: That said demand arises out of the employment of the plaintiff by the defendant as superintendent or foreman of defendant's coal mine at Corydon, Ky., and is an action to recover an alleged balance due for wages or salary earned by plaintiff in the capacity aforesaid; that on entering defendant's employ no fixed sum was agreed upon, the parties agreeing that the plaintiff should be accorded an opportunity to produce results satisfactory to the defendant; and that his wages or salary should likewise be such sum as would be satisfactory to the defendant. Defendant further avers that part of plaintiff's duties were to compile, or cause to be compiled, cost sheets, showing the daily cost of coal at said mine, which said cost sheets embraced the item of plaintiff's salary as part of the cost of the coal mine; that the amount of plaintiff's salary shown by said daily cost sheet, which was inspected and forwarded without objection on the part of plaintiff, was paid to plaintiff, without objection on his part; therefore defendant avers that there had been an accord and satisfaction between plaintiff and defendant as to said demand for wages or salary."

The demurrers were that the plea fails to set forth the necessary elements and facts constituting an accord and satisfaction between these parties: "Said plea fails to allege or show that the wages or salary alleged to have been put upon the cost sheets by plaintiff, and alleged to have been paid by defendant, were in full of plaintiff's demand against the defendant. Said plea is

inconsistent in alleging that no fixed salary was agreed on between the parties, and yet alleging that the cost sheet fixed a salary," etc.

CAMPBELL & JOHNSON, for appellant. The plea was sufficient in law and the demurrers should have been overruled whether it be held to be a plea of accord and satisfaction or to set up facts in estoppel.

VASSAR L. ALLEN, for appellee. The court properly sustained demurrers to the plea, and there is no error in the record.

PELHAM, J.—The error assigned and insisted upon by appellant is that the court sustained the plaintiff's demurrers to defendant's fourth special plea. This plea attempts to set up a discharge of the contract or demand sued upon by what is termed in the body of the plea an "accord and satisfaction." It is not averred in the plea that the sum included as salary in the "cost sheet" prepared or inspected by plaintiff was paid by the defendant or received by the plaintiff in full satisfaction of the demand sued upon. The plea was in bar of plaintiff's action; and, construing the plea most strongly against the pleader, the payment averred to have been made was but a partial payment, and no bar to an action to recover the balance due.

The plea is not good as showing an accord and satisfaction; nor does it aver sufficient facts setting up an estoppel. The demurrers pointed out the defects in the plea, and were properly sustained.

Affirmed.