# Abercrombie v. Goode.

### Bill to Foreclose Mortgage.

(Decided June 4, 1914.   65 South. 816.)

1. *Mortgages; Payment; Burden of Proof.*—Where a plea of payment was interposed as a defense to a bill to foreclose a mortgage, the burden of proof on the plea is on the respondent.

2. *Accord and Satisfaction; Consideration.*—Where respondent paid the balance of the principal of a mortgage by giving a check reciting that it was for the balance due on the mortgage, interest in the amount of $120 remaining unpaid, and the check was accepted by the mortgagee's attorney and paid, the retention of the check did not extinguish the demand as an accord and satisfaction, there being no dispute as to the amount due, there was no consideration for an implied agreement to accept a less sum in satisfaction of the debt.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Bill by Edward Goode as administrator, against J. W. Abercrombie to foreclose a mortgage. Decree for complainant and respondent appeals. Affirmed.

WEIL, STAKELEY & VARDAMAN, for appellant. By the acceptance by appellee's attorney and by appellee him= self of appellee's check, with the endorsement thereon contained, there was a complete accord and satisfaction of the mortgage.—*Hand L. Co. v. Hall,* 41 South. 78; *Andrews v. Heller,* 16 Ann. Cas. 192; 1 Cyc. 329, 334: 20 L. R. A. 785; 148 N. Y. 326; 161 Ill. 329. The fact that the sum of $1,000.00 was credited on the note is strong evidence that no interest was due at that time, and that the mortgage had been fully paid.

RUSHTON, WILLIAMS & CRENSHAW, for appellee. The burden of proof was on respondent to make out his plea of payment, and he has failed. There was no accord and satisfaction.—*Borden & Co. v. Vinegar Bend L. Co.,* 2 Ala. App. 354; s. c. 62 South. 245; *Hodges v. Tenn. Co.,* 123 Ala. 572; 141 U. S. 564; 1 Cyc. 311.

McCLELLAN, J.—In answer to the bill filed by appellee to foreclose a mortgage executed by appellant to appellee's intestate, appellant asserted two defenses: Payment; accord and satisfaction. The particular subject of issue thus made was whether appellant had paid $120 of the sum ($1,500 and interest) secured by the mortgage. The note for $1,500, and mortgage were executed December 12, 1908. The note, bearing interest from its date, was due and payable one year after date. Two interest notes, due 6 and 12 months, respectively, after the even date, for $60 each, were also secured by

the mortgage. These two notes, evidencing the first year's interest, were paid at their maturity, and the loan was extended. In December, 1910, the appellant paid $1,000 on the mortgage debt. By agreement the balance due was allowed to run for still another year. About January, 1912, appellant paid $80 on the debt and also $460. The controversy arises, as stated, over the payment of $120 interest.

The burden of proof to show payment, as the appellee contends, was of course on the appellant. A careful review of the entire evidence leads this court to concurrence in the conclusion prevailing below, viz., that appellant has not discharged that burden.

The check, of date January 11, 1912, for $460 recited that it was for "balance due on mortgage to Mrs. Ella Montgomery Smith 1908." The contention for appellant is that the acceptance and retention of that check and the authorized indorsement thereof by the mortgagee's attorney and the cashing thereof operated an accord and satisfaction of whatever balance, if any, was due on the mortgage debt. The doctrine sought to be invoked cannot have this application and effect. The demand of the mortgage, the entire mortgage debt, including interest, was liquidated, certain, and absolute. The payment of the $460, thus paid, was but the discharge of an unqualified obligation resting on the mortgagor. That sum was not the subject of dispute or controversy. Such is the undisputed evidence. In order to establish an *accord and satisfaction* there must be a "valuable consideration, a benefit, or possibility of benefit, accruing to the creditor or person relinquishing a demand or cause of action, or a detriment to the other party."—1 Encys. L. & P. pp. 607-609; 1 Cyc. p. 311; *Hodges v. Tenn. Co.*, 123 Ala. 572, 26 South. 490; *Hand Lumber Co. v. Hall*, 147 Ala. 561, 41 South. 78;

*Borden v. Vinegar Bend Co.,* 2 Ala. App. 354, 56 South. 775; *Fire Ins. Asso. v. Wickham,* 141 U. S. 564, 577, 12 Sup. Ct. 84, 35 L. Ed. 860. The sum paid, viz., $460, by the check for that sum, could not be or become, whatever the recital in the face of the check, a consideration for the relinquishment the appellant would assert. That which one is unqualifiedly, confessedly obliged to do cannot afford consideration for another contract. No detriment, because of such payment, accrued to the mortgagor; and no benefit, to which the mortgagee was not already and then entitled, accrued to the mortgagee because of the payment of said sum. There was no consideration for the, in effect, new agreement of which the mortgagor would avail through his assertion of an accord and satisfaction. The following additional authorities, with others therein cited, conclude to the like application of the principle stated.—*Seattle Ry. Co. v. Seattle Power Co.,* 63 Wash. 639, 116 Pac. 289; *Windmuller v. Goodyear Rubber Co.,* 123 App. Div. 424, 107 N. Y. Supp. 1095; *De Meules v. Jewel Tea Co.,* 103 Minn. 150, 114 N. W. 733, 14 L. R. A. (N. S.) 954, 123 Am. St. Rep. 315.

The plea of payment not having been sustained and a binding agreement operating an accord and satisfaction not having been shown, the decree is without error; and it is therefore affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and DE GRAFFENRIED, JJ., concur.