(93 South. 662)

### Ex parte SOUTHERN COTTON OIL CO.
(3 Div. 578.)

(Supreme Court of Alabama.　June 30, 1922.)

1. **Accord and satisfaction ⬤⟿10(1)—Compromise and settlement ⬤⟿6(2)—Payment of amount less than due not a valid accord unless bona fide dispute.**

The payment of an amount less than the debtor's liability is not a valid accord and satisfaction, unless there is a bona fide dispute as to debtor's liability or as to the amount due from him, though under Code 1907, § 3973, receipts, releases, writings, etc., must have effect according to parties' intention.

2. **Accord and satisfaction ⬤⟿25(2)—Compromise and settlement ⬤⟿22 — Alleging that amount owing by defendant was in "dispute" sufficient to apprize plaintiff of defensive issue.**

While, as a matter of evidence, the dispute, as a basis for accord and satisfaction, must appear to be bona fide, an allegation of the evidential quality is not required in a pleading, and it is sufficient to simply allege that the amount due was in "dispute."

3. **Accord and satisfaction ⬤⟿10(1)—Compromise and settlement ⬤⟿6(2)—When payment of specified sum, conceded to be due, extinguishes whole debt, stated.**

Where an aggregate amount is in dispute, the payment of a specified sum conceded to be due, that is by including certain items but excluding disputed items, on condition that the sum so paid shall be received in full satisfaction, will be sustained as an extinguishment of the whole.

4. **Accord and satisfaction ⬤⟿10(1)—Compromise and settlement ⬤⟿6(2)—One disputed claim cannot be basis for satisfaction of another independent undisputed claim between the parties.**

The rule that where debtor has an offset against creditor which the latter does not concede, his claim against the debtor, although not disputed, except in respect of the offset claimed, will nevertheless be considered unliquidated, is subject to the qualification that an accord and satisfaction of one disputed claim cannot be used as a basis for the satisfaction of another wholly independent claim between them, as to which there is no dispute.

5. **Accord and satisfaction ⬤⟿25(2)—Compromise and settlement ⬤⟿22—Plea alleging account sued on involved a number of debts and credits and was disputed held to relate to the amount due by way of balance and not to any claim of defendant as a set-off.**

Where defendant pleaded that the account sued on involved a number of debts and credits and that on June 6, 1921, the amount then owing to plaintiff was in dispute, the dispute related to the amount due by way of balance of account and excluded the idea of relation to an independent claim of defendant against plaintiff.

6. **Accord and satisfaction ⬤⟿25(2) — Plea should show an acceptance.**

A plea of accord and satisfaction should show acceptance of amount paid in satisfaction of the whole, but it is not necessary to allege the required conclusion if facts are alleged from which that conclusion must be drawn as a matter of law.

7. **Accord and satisfaction ⬤⟿11(1, 3)—Compromise and settlement ⬤⟿6(2)—Check "a/c in full to date $81.84," meant payment offered in full satisfaction of account, which condition is accepted with check, notwithstanding protest.**

Where an account was in dispute, a check with statement on its face "⅌ in full to date, $81.84," made in connection with a dispute between debtor and creditor as to the amount justly due, meant that the payment was offered in full satisfaction of account and on that condition only; and an acceptance of the check included the condition, notwithstanding a protest.

Certiorari to Court of Appeals.

Petition of Southern Cotton Oil Company for certiorari to the Court of Appeals to review and revise the judgment and decision of said court in the case of Southern Cotton Oil Co. v. H. W. Currie.　Writ denied.

Petitioner sued H. W. Currie for $260.57 on account, on account stated, and for money had and received.

Defendant's plea 4 is as follows:

"4. That the demand of the plaintiff arises from an account between the plaintiff and the defendant covering a period of 8 or 9 months prior to June 6, 1921, during which time there were entered alternately a number of debits and credits; that on June 6, 1921, the amount then owing to the plaintiff by the defendant was in dispute between them; that on said date the defendant delivered to the plaintiff his check on the Bank of Atmore, Atmore, Ala., No. 814, payable to the plaintiff, in the sum of $81.84, upon the face of which check was written the following words and figures: '⅌ in full to date $81.84'; that the plaintiff received said check and collected the same from the said Bank of Atmore on July 2, 1921; wherefore the defendant says that the demand of the plaintiff has been satisfied."

Plaintiff demurred to this plea as follows:

"(1) Because it is not averred that there had arisen a bona fide dispute between the parties prior to the alleged accord and satisfaction. (2) Because it is not averred that plaintiff accepted the said sum of $81.84 in satisfaction of the account owing from defendant to plaintiff. (3) Because it does not appear that there was any consideration for the accord and satisfaction relied on. (4) Because, from aught appearing, the defendant recognized that there was a larger sum than $81.84 due to the plaintiff at the time the check set out in said plea was tendered to plaintiff. (5) Because said plea states the mere conclusions of the pleader. (6) Because it does not appear that the dispute was as to the amount or justness of plaintiff's demand, but that it was only in respect to a set-off claimed by the defendant."

The demurrer being overruled, plaintiff replied as follows:

"(2) For further and separate answers to plea 4, the plaintiff says, that the plaintiff did,

at the time set forth in said plea, receive a check as described in said plea, and upon receiving said check, and before cashing or collecting same, plaintiff notified defendant that it would not accept said check in full settlement of said claim, but would accept it only to be applied in part payment of the amount due by defendant to plaintiff, and thereafter plaintiff collected said check and applied the proceeds as part of the indebtedness due by defendant to plaintiff.

"(3) For further replication to plea 4, the plaintiff says that between September 4th, and November 19th, 1920, the plaintiff advanced to defendant a large sum of money, to wit: $6,-000.00, for the purpose of purchasing cotton seed to be sold by defendant to plaintiff as per contract between them as hereto attached, marked Exhibit A; that at the time defendant tendered its check in full settlement as set out in said plea, there was no dispute between the parties except as to the credits due by plaintiff to defendant on account of shipments of cotton seed made under said contract attached as Exhibit A, and that before accepting or collecting said check the plaintiff notified the defendant that same would not be accepted in full, but only in part payment of the account due by the defendant to the plaintiff."

Thereupon defendant demurred to said replications as follows:

"(2) Plaintiff had no right in law to accept said check upon any other conditions than that under which it was tendered to the plaintiff.

"(3) Plaintiff could not, by notifying defendant that it was accepting said check as part payment only of the account between them, avoid the legal effect of accepting and collecting said check according to its terms.

"(4) Plaintiff could not, as set forth in the replication, change the terms under which said check was tendered to it by the defendant."

This demurrer being sustained, plaintiff took a nonsuit and appealed.

Hamilton, Page & Caffey, of Brewton, and Steiner, Crum & Weil, of Montgomery, for appellant.

To constitute a good plea of accord and satisfaction, the defendant must allege that the dispute between the parties was bona fide, and that there must have been some reasonable ground for the controversy. 196 Ala. 368, 72 South. 23; 157 Ala. 314, 47 South. 712. The plea must aver that the check was given and accepted in satisfaction of the demand. 151 Ala. 302, 44 South. 103; 123 Ala. 572, 26 South. 490; 185 Ala. 263, 64 South. 91, Ann. Cas. 1916C, 573; 197 Ala. 449, 73 South. 22; 7 Ala. App. 282, 61 South. 33. A plea of payment by check, setting forth facts justifying the inference that the amount paid was a less sum than was admittedly due, is fatally defective. There is no consideration to support such plea. 9 Ala. App. 383, 63 South. 788; 16 Ala. App. 614, 80 South. 688. If defendant was indebted to plaintiff, and sent plaintiff a check for part of the amount, plaintiff, in collecting this check, was not bound to accept it in full of account, although the check so stated. 151 Ala. 302, 44 South. 103; 123 Ala. 572, 26 South. 490; 16 Ala. App. 614, 80 South. 688; 204 Ala. 593, 86 South. 386.

Leon G. Brooks, of Brewton, for appellee.

Brief of counsel did not reach Reporter.

SOMERVILLE, J. [1] 1. It is a well-settled rule of the common law that "the payment of an amount less than that for which the debtor is liable does not constitute a valid accord and satisfaction, unless there is a bona fide dispute or controversy as to the debtor's liability, or as to the amount due from him, or unless the damages are unliquidated." 1 Corpus Juris, 554, § 74. This rule is of course qualified in this state by section 3973 of the Code, which provides that—

"all receipts, releases, and discharges in writing * * * must have effect according to the intention of the parties thereto." Hodges v. Tenn. Implement Co., 123 Ala. 572, 26 South. 490.

"While it is not necessary that the dispute or controversy should be well founded, it is necessary that it should be in good faith. Without an honest dispute, an agreement to take a lesser amount in payment of a liquidated claim is without consideration and void. A dispute cannot be raised for the mere purpose of extorting money. And an arbitrary refusal to pay, based on the mere pretense of the debtor, made for the obvious purpose of exacting terms which are inequitable and oppressive, is not such a dispute as will satisfy the requirements of the rule."—1 Corp. Jur. 554, 555, § 75.

"The authorities bearing on this legal question express the principle in somewhat varying phraseology. The question in this class of cases is, whether there is a consideration to uphold the release, or agreed compromise. The surrender of a mere assertion, of claim, or the withdrawal of a threat to sue, when the claim, is without legal merit, whether its legal invalidity is known or not, will not uphold a release, or agreement of compromise. 'When a claim is absolutely and clearly unsustainable at law or in equity, its compromise constituted no sufficient legal consideration.' Prince v. Prince, 67 Ala. 565; Prater v. Miller, 25 Ala. 320; s. c., 60 Amer. Dec. 521, and note; Hoge v. Hoge, 26 Id. 52; Cassell v. Ross, 85 Id. 270; Pitkin v. Noyes, 97 Id. 615.

"We must not be understood as affirming that every compromise, or agreement of compromise, may be avoided by proof of the invalidity to the claim asserted. What we have said must be limited to cases of like kind. Whenever there is a bona fide claim, based on colorable right, such as conflicting or indeterminate testimony from which inferences are to be drawn, and many other supposable categories, it would seem compromises will not only be upheld, but the law encourages them. Knotts v. Preble, 99 Amer. Dec. 514; Farmers' & Mer. Ins. Co. v. Chesmitt, Id. 492, and note; Perryman v. Allen, 50 Ala. 573." Ernst Bros. v. Hollis, 86 Ala. 511, 513, 6 South. 85, 86.

The reason why there must be a bona fide dispute as to the amount due in such cases is that without some concession there would be no valid consideration for the agreement for satisfaction. 1 Corp. Jur. 527, § 12; Hand Lbr. Co. v. Hall, 147 Ala. 561, 41 South. 78; W. Ry. of Ala. v. Foshee, 183 Ala. 182, 62 South. 500; Daniel v. Hughes, 196 Ala. 368, 72 South. 23; Ernst v. Hollis, 86 Ala. 511, 6 South. 85. As said by the Court of Appeals of New York:·

"If a debt or claim be disputed * * * at the time of payment, the payment, when accepted, of a part of the whole debt is a good satisfaction and it matters not that there was no solid foundation for the dispute. The test in such cases is: Was the dispute honest or fraudulent? If honest, it affords a basis for an accord between the parties, which the law favors, and the execution of which is the satisfaction." Simons v. Am. Leg. of Honor, 178 N. Y. 263, 70 N. E. 776; Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034, 20 L. R. A. 785; Ness v. Minn., etc., Co., 87 Minn. 413, 92 N. W. 333.

[2] Plaintiff's contention here is that, since a plea of accord and satisfaction must rest not merely on the fact of a dispute, but on the fact of a bona fide dispute, an honest claim, asserted without fraud, that there was a real ground for dispute, there is no good reason for not requiring a defendant to plead the existence of "a bona fide dispute," in accordance with the general principles that govern in the allegation of defensive matter.

According to the New Standard Dictionary, to dispute is "to question or deny the truth, genuineness or lawfulness of [anything]; to argue against, controvert or object to; to strive against, to resist."

As a matter of evidence, the dispute must appear to have been bona fide, that is, real, not simulated, and based upon a ground that is at least colorable, as all the authorities hold; but we think that, as a matter of pleading, it would be a finical and useless refinement to require an allegation of that evidential quality, and that the plaintiff will be fully apprized of the defensive issue relied on by the simple allegation that the amount due was in dispute.

[3] The first ground of demurrer was therefore properly overruled. The third and fourth grounds of demurrer deny the sufficiency of the plea, because it does not show that defendant paid a larger sum in satisfaction of plaintiff's demand than defendant admitted was due.

The theory of the demurrer is that, in order to support an accord and satisfaction, not only must the creditor accept less than he honestly claims to be due, but also the debtor must pay more than he concedes to be due, failing in which the transaction lacks respectable support. Demuules v. Jewel Tea Co., 103 Minn. 150, 152, 114 N. W. 733, 14 L. R. A. (N. S.) 954, 123 Am. St. Rep. 315;

Weidner v. Standard, etc., Ins. Co., 130 Wis. 10, 110 N. W. 246.

But judicial policy, as well as public policy, favors the upholding of compromises deliberately and understandingly made; and the weight of authority follows the more liberal rule that—

"where an aggregate amount is in dispute, the payment of a specified sum conceded to be due, that is, by including certain items but excluding disputed items, on condition that the sum so paid shall be received in full satisfaction, will be sustained as an extinguishment of the whole." Chi., etc., R. R. Co. v. Clark, 178 U. S. 353, 367, 20 Sup. Ct. 924, 929, 14 L. Ed. 1099; Nassoiy v. Tomlinson, 148 N. Y. 326, 330, 42 N. E. 715, 51 Am. St. Rep. 695; Ostrander v. Scott, 161 Ill. 339, 43 N. E. 1089; Tanner v. Merrill, 108 Mich. 58, 65 N. W. 664, 31 L. R. A. 171, 62 Am. St. Rep. 687; 1 Corp. Jur. 555, § 77, and cases cited in note 46; 1 R. C. L. 196, § 31.

Our case of Abercrombie v. Goode, 187 Ala. 310, 65 South. 816, does not hold to the contrary, for there was no dispute as to the amount of the mortgage debt, principal and interest, which was claimed to have been extinguished by payment of the principal only.

As to the third and fourth grounds of demurrer, we think the plea was sufficient.

[4] The sixth ground of demurrer questions the sufficiency of the plea in that the dispute relied on appears to be in regard only to a set-off claimed by defendant, the amount of plaintiff's primary claim being undisputed. The theory of the demurrer, in this aspect, is that a dispute as to the amount of counterclaims, which would be available by way of set-off in an action to recover the debt claimed, so as to reduce the amount of recovery, is not such a dispute as to the amount due as is required to support the accord.

"By the weight of authority, where the debtor has an offset or claim for damages against the creditor which the latter does not concede, his claim against the debtor, although not disputed, except in respect of the offset or damages claimed, will nevertheless be considered unliquidated, the view being taken that there is no material difference between a dispute directly involving the claim itself and a dispute involving an offset against the claim; that whatever may be the ground of the dispute the fact remains that there is one." 1 Corp. Jur. 556, § 78, and cases cited in notes 48 and 49; 1 R. C. L. 198, § 33.

This rule, however, is subject to the qualification that an accord and satisfaction of one disputed claim cannot be used as a basis for the satisfaction of another wholly independent claim between the same parties, as to which there is no dispute, the consideration for the first accord and satisfaction not being sufficient to support the second. Mance v. Hossington, 205 N. Y. 33, 98 N. E. 203; Cartan v. Tackaberry Co., 139 Iowa, 586, 117 N. W. 583; Louisville, etc., R. Co. v. Helm, 109

Ky. 388, 59 S. W. 323; Seattle, etc., R. Co. v. S. T. Power Co., 63 Wash. 639, 116 Pac. 289; Pollman, etc., Co. v. St. Louis, 145 Mo. 651, 47 S. W. 563; 1 Corp. Jur. 555, § 77, and note 47. The rule first stated is we think, on principle and on authority, applicable only in those cases where the offset arises out of the transaction upon which the primary obligation was based, and which ipso facto operates as an abatement or reduction of the amount recoverable therein—such an offset, in short, as is properly a matter for recoupment. See Grisham v. Bodman, 111 Ala. 194, 200–203, 20 South. 514, 516, wherein it is shown that matter for recoupment "goes to the validity, the existence of the plaintiff's alleged debt or demand," whereupon the distinction we have noted above, as to the scope of a "disputed claim," is legitimately founded.

[5] Plea 4 alleges that the account sued on involved a number of debits and credits, and "that on June 6, 1921 [the date of the alleged accord and satisfaction] the amount then owing to the plaintiff by the defendant was in dispute between them." We think that the fair meaning of this language is that the dispute related to the amount due by way of balance on the account, and it necessarily excludes the idea of relation to any independent claim of defendant's against plaintiff. The 6th ground of demurrer was therefore not well taken.

[6] The second ground of demurrer denies the sufficiency of the plea, in that it does not allege "that plaintiff accepted the said sum of $81.84 in satisfaction of the account owing from defendant to plaintiff." It is of course necessary that such a plea should show such an acceptance. 1 Corp. Jur. 576, § 120, citing Montgomery v. Shirley, 159 Ala. 239, 48 South. 679; Cahaba Coal Co. v. Hanby, 7 Ala. App. 282, 61 South. 33, among many other cases. But, as in other cases, it is not necessary to allege the required conclusion if facts are alleged from which that conclusion must be drawn as a matter of law; and the authorities seem to be without dissention in holding that, although the acceptance of a tender of money made as for "the balance due" does not carry the legal implication that it is accepted in full satisfaction of the creditor's claim, especially where there has been no dispute as to the amount (Harrison v. Henderson, 67 Kan. 194, 72 Pac. 875, 62 L. R. A. 760, 100 Am. St. Rep. 386), yet when the tender is made upon the express condition that its payment and acceptance should operate as a satisfaction of the entire claim, as to the proper amount of which there is a bona fide dispute, the acceptance of the tender must be upon the condition stated, and will as a matter of law operate ipso facto as a full satisfaction. Hand Lbr. Co. v. Hall, 147 Ala. 563, 41 South. 79; Brackin v. Owens, 195 Ala. 579, 71

South. 97; Harrison v. Henderson, supra; Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034, 20 L. R. A. 785, 805; 1 Corp. Jur. 558, § 81, and cases cited in note 62.

[7] In the instant case the plea alleges that the check tendered to plaintiff, and received and collected by him, carried on its face the words—"% in full to date $81.84." Such a statement, made in connection with a previous or current dispute between the parties as to the amount justly due, could have but one meaning, which was, we think, incapable of being misunderstood, viz: that the payment was offered in full satisfaction of the account, and on that condition only. In such a case, as said by the New York court in Fuller v. Kemp, supra:

"Upon receipt of this letter [stating that the check was to be in full satisfaction of plaintiff's claim] the plaintiff had but a single alternative presented for his action—the prompt restoration of the money to his debtor or the complete extinguishment of the debt by its retention. The tender and the condition could not be dissevered. The one could not be taken and the other rejected. The acceptance of the money involved the acceptance of the condition, and the law will not permit any other inference to be drawn from the transaction. Under such circumstances the assent of the creditor to the terms proposed by the debtor will be implied, and no words of protest can affect the legal quality of his act."

In Canton, etc., Co. v. Parlin, etc., Co., 215 Ill. 244, 74 N. E. 143, 106 Am. St. Rep. 162, the debtor's check was accompanied by a letter stating that it was "in full of account." Said the court:

"If the offer is made in such a manner, and it is accepted, the acceptance will satisfy the demand, although the creditor protests at the time that the amount received is not all that is due or that he does not accept it in full satisfaction of his claim. The creditor has no alternative except to accept what is offered with the condition upon which it is offered, or to refuse it; and if he accepts, the acceptance includes the condition, notwithstanding any protest he may make to the contrary."

Counsel for appellant relies on a dictum in Hanson v. Todd, 95 Ala. 328, 10 South. 354, that "while a mere tender, though of the whole amount due, when unaccepted, does not operate to extinguish or satisfy the claim, yet, when made in full of the amount due, and accepted, *without protest as to its sufficiency* [italics supplied], the debt becomes extinguished"—drawing the implication from the italicized clause that, if its sufficiency be in fact protested at the time, the condition is not binding on the creditor. The statement in question, if it must be thus interpreted, is neither sound in principle nor supported by the authorities, and was evidently an inadvertence, for it was at once contradicted by the writer, who proceeded to say:

"The creditor may reject a tender on condition that he receive it in full of his claim, but if he accepts it, he is bound by the condition, and will not be allowed to keep the money and repudiate the condition. * * * A tender, if accepted, is accepted as made."

Both of the foregoing statements are quoted in Hand Lumber Co. v. Hall, 147 Ala. 561, 567, 41 South. 78, without noticing the apparent conflict between them, the point here under discussion not being presented in that case.

It is sufficient to say of the cases of Hodges v. Tenn. Implement Co., 123 Ala. 572, 26 South. 490, and Roach v. Warren-Neeley & Co., 151 Ala. 302, 44 South. 103, cited by counsel for appellant, that they involved attempted satisfactions of larger undisputed debts, as expressly stated therein, and are therefore not in point.

We hold that the allegations of the plea showed both a tender and acceptance of the check in full satisfaction of the account, as an implication of law and that an express allegation of that conclusion was unnecessary.

It results that the demurrer to plea 4 was without merit, and was properly overruled. Defendant's demurrers to replications 2 and 3 were, under the principles above enunciated, properly sustained.

Conceding, without deciding, that the condition attached by a debtor to the acceptance of his check, that it must be in full satisfaction of the creditor's claim, may be waived by the debtor, either by express declarations, or by his acquiescence for a sufficient period of time in the creditor's repudiation of that condition, with notice to the debtor that the amount of the check has been credited merely as a payment pro tanto (as intimated in Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034, 20 L. R. A. 805, and in Canton etc., Co. v. Parlin, 215 Ill. 244, 74 N. E. 143, 106 Am. St. Rep. 162), there is nothing in the replications to bring them within the operation of that principle.

We have dealt at length with the several contentions of counsel for petitioner, in order that our views upon the legal principles involved in the judgment of the Court of Appeals may be clearly understood; and for the reasons given we think that judgment was without error, and the writ of certiorari will be denied.

Writ denied.

All the Justices concur, except McCLELLAN, J., not sitting.

THOMAS, J. (concurring). In Ex parte Worthington (In re Worthington v. Cleveland Lbr. Co., 17 Ala. App. 613, 88 South. 156) that petition for certiorari was assigned to me for consideration, and I entertained the

view and wrote to the end that the writ be granted, which, however, was denied. 205 Ala. 385, 88 South. 159. My understanding of the effect of the decision and of the finding of fact by the Court of Appeals in that case, and so stated heretofore, was (1) that there was a dispute in the demand when—

"Worthington made a claim of damage for delay, or for nondelivery of materials (pursuant to contract) and attached his check thereto for the balance; (2) that thereafter the plaintiff cashed the check with full knowledge of the conditions attached to the tender of the check for the balance claimed by Worthington to be due on that demand; and (3) after placing the check beyond its control, took up the sufficiency of Worthington's claims for damages for delay or for nondelivery of materials purchased."

The contract between Worthington and Cleveland Lumber Company was found by the Court of Appeals to have been for the delivery to said Worthington of specific materials to be used by him through his constructing agent at a designated time and place. The circumstances of the use of the materials or necessity for prompt delivery were declared to have been understood by the contracting parties, stipulating that failing—

"to deliver certain timbers, piles, and lumber to the defendant within a certain time, * * * the defendant reserved the right in the contract to purchase the timbers in open market."

Plaintiff's failure, if it did so fail, to deliver all of the materials contracted for in due time was to such extent a breach of the contract of purchase and terms of delivery. The condition attached to the tender (check for the balance due by petitioner Worthington) was as to the payment of the balance claimed as due on the whole contract. The matter was in dispute and relating to the balance due on the contract, and was within the decision of Brown v. Lowndes County, 201 Ala. 437, 78 South. 815; Brackin v. Owens Horse & Mule Co., 195 Ala. 579, 71 South. 97; Hand Lbr. Co. v. Hall, 147 Ala. 561, 41 South. 78; and not within Dreyfus v. Corn Products Co., 204 Ala. 593, 86 South. 386, where the matter sought to be set up as a counterclaim pertained to, and grew out of, a separate and independent contract. The original invoice and "voucher"—corrected invoice and check —for the balance due by Worthington and acceptance by indorsements thereon are set out in 17 Ala. App. 614, 88 South. 156.

Having acceded to the judgment of my associates in denial of the writ in Worthington v. Cleveland Lbr. Co., 205 Ala. 385, 88 South. 159, and believing that the instant opinion is a departure from the result announced in the Worthington Case I am in accord with Mr. Justice SOMERVILLE'S opinion.