(98 South. 3)

## ABEL BROS. PLUMBING CO. v. KUMPE.
### (8 Div. 566.)

(Supreme Court of Alabama. Nov. 8, 1923.)

**Accord and satisfaction ⬠26(3) — Evidence held insufficient to prove payment of amount agreed on.**

In action to collect an account and to enforce a lien for work and material in which the defendant set up an accord and satisfaction, evidence *held* insufficient to prove the payment of the amount agreed on.

Appeal from Circuit Court, Lawrence County; Robert C. Brickell, Judge.

Bill of the Abel Brothers Plumbing Company against J. E. Kumpe. From a decree for respondent, complainant appeals. Reversed and remanded.

To the bill defendant interposed this plea:

"And the said respondent for further answer to complainant's bill filed in this cause pleads and says that the complainant should not recover against him in this proceeding because since the last continuance herein, on, to wit, the 4th day of August, 1919, the complainant and the respondents, acting by and through their respective counsel, came to an agreement as to the amount due by the respondent to the complainants, and the respondent then and there paid to the solicitor of the said complainant the amount agreed on as due to said complainants, to wit, the sum of $87.25, which said sum was received by said solicitor for complainant and accepted by him in full satisfaction and discharge of the said cause of action here declared on, and respondent avers that he has fully paid off and discharged any and all indebtedness due by him to the said complainants and has fully paid off and discharged all liens, claims, or incumbrances of every character or description which the complainants at the time of the filing of the bill in this cause or at this time had or has against this respondent."

E. W. Godbey, of Decatur, for appellant.

The plea since the last continuance was insufficient, in that it failed to aver a bona fide controversy, and that it failed to pay or offer to pay costs accrued to the time, and the amount paid was merely partial payment on the debt. 1 C. J. 578; 12 C. J. 363; Beck v. School Dist., 54 Colo. 546, 131 Pac. 398, 46 L. R. A. (N. S.) 279; Sov. Camp v. Wallace, 16 Ala. App. 617, 80 South. 691; Jones v. A. & V. Ry., 72 Miss. 22, 16 South. 379; St. L. & S. F. v. Ault, 101 Miss. 341, 58 South. 102; 34 Cyc. 1073.

C. M. Sherrod, of Moulton, for appellee.

The correctness of the account was in dispute; such disputed matter was settled and compromised, and respondent paid the amount agreed upon. Ex parte So. Cot. Oil Co., 207 Ala. 704, 93 South. 662; Freid v.

Hoffman (Sup.) 194 N. Y. Supp. 805; Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034, 20 L. R. A. 785; Canton v. Parlin, 215 Ill. 244, 74 N. E. 143, 106 Am. St. Rep. 162; Hanson v. Todd, 95 Ala. 328, 10 South. 354.

ANDERSON, C. J. This bill was filed to collect an account and enforce a lien for work and material, the account claimed and filed being for the sum of $130. The respondent first filed an answer denying generally the allegations of the bill and specifically denied owing said "$130." He subsequently filed a plea since the last continuance setting up an accord and satisfaction. This plea does not set up a bona fide dispute as to the claim and the acceptance of the amount conceded by the respondent to be due so as to square up with the rule declared in the case of Ex parte Southern Cotton Oil Co., 207 Ala. 704, 93 South. 662. It sets up an agreement between counsel as to the amount to be paid the complainants and the payment to them, or their counsel, of the sum so agreed upon. The trial court, in effect, found that the plea was sufficient and was proven, thus finding for the respondent without going into the merits of the case. While there seems to have been an honest difference between Mr. Godbey and Judge Lowe as to the terms of the settlement, both of whom testified in the case, we are constrained to hold that the amount agreed upon was not paid as averred in the plea. Counsel for complainants testified that the amount to be paid was $10 less than the amount claimed, and which should leave $120 to be paid. Judge Lowe's recollection is that there was a dispute as to the amount claimed and that the amount agreed upon was to split the difference between the sum claimed and the amount conceded by respondent as owing complainants. It is true counsel for respondent was told by Mr. Godbey that $97.50 was claimed before the respondent sent the check for $87.25, but the evidence conclusively shows that a mistake was made by looking at the first page of the account and not the last one, as the final balance there disclosed was $130. In either event, however, the check as sent in, though varying a few cents, corroborates complainant's theory as to the terms of the settlement being $10 less than the sums stated to be due and was not one-half of the difference between the amount claimed and what was conceded to be due, whether we take $130 or $97.55 as a basis for calculation. If we take the former, the check should have been for one-half the difference between $130 and $82.45, the amount conceded as due by respondent, and which would be $106.-22. If we take the latter $97.55, the check should have been for $89.90 and not $87.25.

The trial court erred in finding the issue for the respondent under this plea, and the decree is reversed and the cause is remanded. Reversed and remanded.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.