### MATTHEWS *versus* TURNER.

1. In an action of assumpsit, brought by a physician, to recover for medical services, the defendant, upon the plea of non-assumpsit, may avail himself of the defence, that the plaintiff had not authority, at the time of the services rendered, to practice as a physician.

2. Where matters of fact, involved in the suit, and proper to be tried by the jury, are passed upon by the court, and withdrawn from the jury, in the instruction given, it is error.

Turner brought an action of assumpsit, in Limestone Circuit court, against Matthews, to recover for medical services rendered. The plea was non-assumpsit. The plaintiff proved that he was a practising physician, when the act passed establishing medical boards. He also introduced evidence to show, that he made, through his friend, an application to have his name enrolled as such, by the Huntsville board. A witness stated, on the other hand, that he was secretary of the board; that it was his

practice to enroll physicians on application; that he had no recollection of an application on the part of Turner; and that he did not find his name on the books of the board. The court determined that, if the plaintiff could prove his account, he was entitled to recover; and instructed the jury, that they had nothing to do with the question of enrollment, or the right of the plaintiff to recover as a physician; as the defendant could not avail himself of a defence upon that ground, unless he had relied upon it in a special plea.

On this charge, the plaintiff had a verdict and a judgment.

*Hopkins,* for plaintiff—*W. B. Martin, contra.*

SAFFOLD, J.—the action was assumpsit, in which Turner was plaintiff, and Matthews defendant, to recover the value of services rendered by the former, as a physician. The plea was *non-assumpsit.* Upon the trial, Turner proved he was a practising physician, in 1823, and when the act passed to establish medical boards, he proved by Dr. Littlefield, that he requested the witness, within the time prescribed by the act, to have his name enrolled with the board of Huntsville, as a practising physician; and that the witness applied to Dr. Fearn, a member of the board, to make the enrollment: but he did not know that the enrollment was made.

Dr. Fearn's evidence shewed, that he was a member of the board, and the secretary; that it had been his uniform practice, whenever he received an application, to enroll it immediately, if where the book was kept—if not, to make a memorandum at the time

the application was made, and make the enrollment as soon as he went to where the book was; that Turner had never been enrolled, and he had no recollection that any application for the purpose had ever been made to him. He did remember, distinctly, that Dr. Littlefield made application for himself, when the board was in session, and was then enrolled; and Littlefield proved, also, that he made application for Turner when he applied for himself.

Upon this evidence, the court determined that, if the plaintiff could prove his account, he was entitled to recover. The court, also, instructed the jury, they had nothing to do with the question of enrollment, or the right of the plaintiff to recover as a physician, as the defendant could not avail himself of a defence upon that ground, as he had not relied upon it in a special plea, either in abatement, or in bar.

It is assigned for error, that the court made the decision, and instructed the jury as stated.

If, from the exceptions, as stated, we are to conclude, that the court below determined the fact, that the enrollment had been made; or, even that, through Littlefield, an application had been made for the purpose, we could not hesitate to decide, that those, being questions of fact, the jury alone, had a right to determine them; and that the different course, was an invasion of their province.

If the decision be viewed in a different light, and according to the more explicit instructions to the jury, that they had no concern with such inquiries, because not specially pleaded—that the objection was unavailable under the general issue—the law of the court may be well questioned.

a Vol.1:473.    It is said by Chitty,[a] that, in assumpsit, under the

general issue, any matter which shews that the plaintiff *never* had any cause of action, may be given in evidence; and also, that most matters, in discharge of that action, which shew, that, at the time of the commencement of the suit, the plaintiff had no subsisting cause of action, may be taken advantage of. It is, as observed by Lord *Holt*, a practice which has crept in improperly, but is now, perhaps, too settled to be altered.

He also says,[a] " under this plea, the defendant may give in evidence, various matters of defence, which, in effect admit that a contract was made, but deny, that it was or is obligatory upon him—as the want of sufficient or legal consideration for the contract: or, illegality in the contract itself, may be given in evidence, under this plea—as gameing, usury, &c."     [a] page 471.

It is, however, contended, that admitting the opinion of the court to have been erroneous, it sufficiently appears, that Turner had substantially complied with the requisition of the statute, and was entitled to recover; so that the error cannot prejudice the plaintiff in error, or entitle him to a reversal and new trial.—On the contrary, it is insisted, that the evidence shews the fact of enrollment was not proved; therefore, the judgment ought to be totally reversed.

The question, whether the enrollment, or application for the purpose, was duly made, must depend on the comparative weight of the testimony of Drs. Littlefield and Fearn, the superiority of their recollections, and what preference is due to affirmative, over negative testimony. These are questions, proper for the determination of the jury; and which the court was incompetent to decide. If it be conceded, that the mere application of Turner, made through

his friend or agent, to have his name enrolled, was a virtual compliance with the statute, (on which no decisive opinion is now expressed,) yet, that fact, no less than any other, required a finding by the jury, it having been contested. We are, therefore, of opinion, there was error in the judgment below, for which the same must be reversed, and that the cause be remanded for a new trial.