THE MONTGOMERY AND WEST POINT RAILROAD COMPANY, plaintiff in error, *vs.* JOHN W. DUER, Ordinary of Muscogee County, defendant in error.

In a suit against the Ordinary of a county for taxes alleged to have been illegally collected from the plaintiff, the declaration must set forth the facts showing such illegality. (R.)

Demurrer. Pleading. Taxes. Before Judge JOHNSON, Muscogee Superior Court. May Term, 1872.

Plaintiff in error brought assumpsit against defendant in error. The only material portion of the declaration is as follows:

"For that the said county of Muscogee, on January 1st, 1870, and on divers other days and times before that day, had and received illegally, by way of taxes, to and for the use of your petitioner, the sum of $1,500, (a copy of which is hereto attached,) and afterwards, to-wit: on the day and year aforesaid, the said county of Muscogee, by said defendant, then and there undertook and faithfully promised your petitioner to pay to petitioner the said sum of money, when said defendant should be thereunto afterwards requested."

"COPY ACCOUNT.

" *County of Muscogee*

To *Montgomery and West Point Railroad Company,*    *Dr.*
To amount of taxes illegally collected in 1866.......$  58  32
"     "     "     "     "          1867....... 175  50
"     "     "     "     "          1868....... 487  75
"     "     "     "     "          1869....... 312  00

                                                $1,033  57"

Defendant in error demurred to the said declaration. The demurrer was sustained by the Court, and plaintiff in error excepted and assigns said ruling as error.

BLANDFORD & THORNTON, for plaintiff in error.

HENRY L. BENNING, for defendant in error.

Wardlaw *vs.* McConnell.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant to recover the sum of $1,033.57 for taxes *illegally* collected. The defendant demurred to the plaintiff's declaration, which demurrer was sustained, and the plaintiff excepted. It is not alleged in the declaration in what manner the taxes received were illegally collected. That the taxes were *illegally* collected and received by the defendant, is the conclusion of the pleader. The facts going to show that the taxes had been illegally collected and received by the defendant, should have been alleged, so that the Court might judge whether, under the law applicable thereto, the taxes had been illegally collected and received. If the facts had been alleged, the Court could have determined whether the collection of taxes was legal or illegal. It is not sufficient for the plaintiff to allege that the collection of taxes was illegal, without alleging the facts which made it illegal.

Let the judgment of the Court below be affirmed.