# Francis v. Southern Railway Co.

*Action against Tax Collector to Recover Taxes paid under Protest.*

1. *Taxation; constitutional limitation of.*—The provision of the constitution in Art. 11, Sec. 5, is a limitation upon the power of the general assembly to authorize a county to levy a larger rate of taxation in any one year on the value of taxable property therein than one-half of one per cent. except as otherwise provided therein. Any legislative enactment authorizing any greater rate of taxation to be levied than the one prescribed in this section would be void.

[Francis v. Southern Railway.Co.]

2. *Act of legislature; no presumption that it is unconstitutional.*
No presumption will be indulged.that an act of the general
assembly is unconstitutional. Its unconstitutionality must
clearly appear before the courts are authorized to declare it
invalid on that account.

3. *Same; construction of.*—Where an act of the general assembly
authorizes the court of county commissioners of a county to
levy a tax of five cents on the hundred dollars, and is silent
in regard to the constitutional limitation, it will be construed
to authorize the levy of the tax therein provided for within
the rate prescribed by the constitution.

4. *Complaint against tax collector; what must allege.*—In a suit
against a tax collector to recover the amount of a tax alleged
to be illegally collected and paid under compulsion, unless
the complaint avers that the commissioners court in its order
directing the levy of the tax exceeded the rate of one-half of
one per centum the presumption will be indulged that the or-
der was within that limit.

APPEAL from Birmingham City Court.
Tried before the HON. WM. W. WILKERSON.

This action was by the Southern Railway Company
against Francis to recover from him an amount of
money paid by the company to him as taxes. The money
was paid under protest. It is alleged that the special
act under which the tax was levied and collected was un-
constitutional. The act was, "An act to provide for the
better support and maintenance of the public schools
of Jefferson county;" and authorized the levy of a tax
of five cents on the one hundred dollars for this pur-
pose. The only question considered is whether or not
the special act authorized taxation above the constitu-
tional limitation; and it was presented in the court be-
low by demurrer to the complaint; and in this court by
the judgment on demurrer—the defendant having de-
clined to plead over.

TILLMAN & CAMPBELL, for appellant.

SMITH & WEATHERLY, *contra,* cited on the question
considered, *Schultes v. Eberly,* 82 Ala. 242; *Elsberry v.
Seay,* 63 Ala. 614; *Montgomery v. State,* 88 Ala. 141.

35

TYSON, J.—The provision of the constitution as found in article 11, section 5, is a limitation upon the power of the general assembly to authorize a county to levy a larger rate of taxation in any one year on the value of the taxable property therein than one half of one per centum except as otherwise provided therein. Obviously any legislative enactment authorizing any greater rate of taxation to be levied than the one prescribed in this section would be unconstitutional. The act assailed in this case contains no reference as to the rate of taxation fixed by this limitation. The authorization to the commissioners' court of Jefferson county to levy a tax of five cents on the one hundred dollars is broad and without limitation in respect to its being in excess of or within the one half of one per centum as fixed by the constitution. However, we cannot indulge a presumption in favor of its unconstitutionality; on the contrary, its unconstitutionality must clearly appear before we are authorized to declare it invalid on that account. The construction, under this rule, which we are compelled to put upon the act, is that it authorizes the commissioners' court of Jefferson county to levy the tax therein provided within the rate prescribed by the constitution. Such a construction relieves the act of all the infirmities urged against its constitutionality.

The complaint in this case does not aver that the commissioners' court in its order directing the levy of this tax, exceeded the rate of one half of one per centum. In the absence of such an averment, the presumption must be indulged that the order entered by the commissioners' court to levy this tax was within that rate.

Under the construction we have placed upon the act, the case of the *Southern Railway Company v. St. Clair County*, in MS., is decisive of its constitutionality.

The judgment of the court must be reversed and the cause remanded.