[Shannon & Co., et al. v. McElroy.]

# Shannon & Co., *et al. v.* McElroy.

*Assumpsit.*

(Decided Dec. 19, 1911.   57 South. 118.)

1. *Assumpsit; Action; Plea.*—Want of consideration is available under the general issue, in assumpsit, and under such plea defendant may prove any matter showing that plaintiff never had any cause of action or that he ought not to recover.

2. *Same; Implied Promise; Consideration.*—An express or implied promise to sustain assumpsit requires a legal consideration for its support.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Assumpsit by W. P. McElroy against Shannon & Company, and another. Judgment for plaintiff and defendant appeals. Affirmed.

The 3rd plea is as follows: There is no consideration for the account sued on.

D. A. McGREGORY, for appellant. The court erred in striking plea 3.—*Closky v. Enslen,* 103 Ala. 97; 3 Ala. 316. It set up a defense which was required to be specially pleaded.—4 Mayf. 484. The court erred in failing to grant defendant's motion for a new trial.—*So. Ry. Co. v. Lollar,* 135 Ala. 379; 108 Ala. 233; 131 Ala. 422.

J. D. ACUFF, and M. B. McCOLLUM, for appellee. The matters set up by plea 3 were available under the general issue.—4 Cyc. 348. The evidence was in conflict, and hence, the court did not err in refusing the affirmative charge, or in declining to grant motion for new trial.

WALKER, P. J.—The defendant was not prejudiced by the action of the court in striking his third plea. The

defense of want of consideration was available to him under his plea of the general issue. In assumpsit, under the general issue, any matter which shows that the plaintiff never had any cause of action, or that, ex æquo et bono, he ought not to recover, may be given in evidence. That plea puts upon the plaintiff the burden of proving every fact which is an essential constituent of his cause of action.

The express or implied promise upon which such action is based requires a consideration for its legal support and existence; and the plaintiff cannot maintain his action when the evidence shows that the promise counted on was without consideration.—*Matthews v. Turner*, 2 Stew. & P. 239; *Robinson v. Windham*, 9 Port. 397; *Ala. Gold Life Ins. Co. v. Mobile Mutual Ins. Co.*, 81 Ala. 329, 1 South. 561; 4 Cyc. 353; 2 Ency. of Pleading & Pr. 1029.

In view of the conflicting evidence set out in the bill of exceptions, the assignments of error based upon the refusal of the court to give the general affirmative charge requested by the defendant, and to grant his motion for a new trial, are clearly without merit.

Affirmed.