# Daniel *v.* Hughes.

## Assumpsit.

(Decided June 1, 1916.   72 South. 23.)

1. **Compromise and Settlement; Consideration.**—The existence of a mere controversy is not sufficient to support a contract based upon the settlement of the controversy, unless based upon some consideration in the shape of something beneficial to one party, or detrimental to the other.

2. **Same; Merits of Controversy.**—Whether its legal validity is known or not, a claim without legal merit and absolutely and clearly not sustainable in law or equity cannot constitute a legal consideration for a compromise and settlement.

3. **Same; Action; Complaint.**—A count alleging that plaintiff held a claim against defendant in the sum of $1,500 for the breach of an agreement, and a promise by defendant to pay plaintiff $900, in consideration of the settlement of the controversy, which plaintiff accepted, but which defendant has failed to pay, and another count alleging the controversy regarding the claim against defendant by plaintiff for a commission for selling lands, whereby defendant was to pay $900, at a certain place, and defendant's failure to meet plaintiff at the appointed place, and his failure to pay, were demurrable for failing to aver that defendant owed plaintiff anything upon the matter out of which the controversy arose, or any fact showing that the controversy was supported by a valuable consideration.

4. **Pleading; Construction on Appeal.**—In determining whether a count of a complaint to which demurrers were improperly overruled, is sufficient to support a judgment, the appellate court will give it a liberal construction, and resolve all reasonable inferences in favor of the count, as stating a cause of action, and will infer that the pleader charged such a controversy as would afford a valuable consideration for the compromise declared upon, and which the evidence failed to establish.

5. **Compromise and Settlement; Defenses; General Issue.**—Where the proof failed to show that the controversy declared upon afforded a basis for a valuable cosideration for the settlement alleged, such defense was available under the general issue.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

Action by William H. Daniel against R. J. Hughes in assumpsit.  Judgment for defendant and plaintiff appeals.  Affirmed.

The amended count A is as follows:

Plaintiff claims of defendant $1,500 damages for the breach of an agreement entered into by him heretofore, to-wit, December 17, 1910, by which defendant promised in consideration of the settlement of the controversy between plaintiff and defendant to pay plaintiff $900 thereafter, to-wit, on December 19, 1910, in

[Daniel v. Hughes.]

settlement of said controversy, and which offer plaintiff then and there accepted. Defendant breached said agreement in this, to-wit, defendant refused and failed to pay said amount.

Count B is the same as count A, except that it alleges the controversy as follows:

Plaintiff and defendant had a controversy in reference to plaintiff's claim against defendant for the sale of or the procuring of a purchaser for defendant's land by plaintiff, and plaintiff and defendant agreed to settle such controversy, defendant there agreeing to meet plaintiff in Birmingham on the Monday next following the said agreement and then and there pay plaintiff $900 in settlement of said controversy, and plaintiff on his part then agreed to accept said sum in settlement of said controversy, and to be at said place at said time to receive said sum, his presence there on that occasion, and defendant's absence, and plaintiff's willingness, ability, and readiness to accept said sum since that time.

HARSH, HARSH & HARSH, for appellant. ARTHUR L. BROWN, and F. D. NABERS, for appellee.

ANDERSON, C. J.—Practically every question presented on this appeal was settled adversely to appellant's contention upon former appeal (187 Ala. 41, 65 South. 518), with perhaps the exception as to the plaintiff's right to recover under counts A and B, brought in the case by amendment at the last trial, and which were not considered upon the former appeal; the question being merely alluded to in a general way. These amended counts A and B, proceed upon the theory of a promise by the defendant to pay a fixed sum, in settlement of a dispute or controversy between the plaintiff and defendant, but neither of said counts aver that the defendant was due the plaintiff anything upon the matter or transaction out of which the controversy arose, or any other facts showing that the controversy was supported by a valuable consideration.

(1) While some confusion may have existed in some of our earlier cases as to what would be a sufficient consideration to support a contract based upon the settlement of a dispute or controversy between the parties thereto, it is now well settled that the existence of a mere controversy will not suffice unless based upon some consideration in the shape of something beneficial to one party or detrimental to the other.

[Daniel v. Hughes.]

(2) As touching the compromise and settlement of claims, whose validity is afterwards denied, in a late case we said: "The question in this class of cases is whether there is a consideration to uphold the release, or agreed compromise. The surrender of a mere assertion of claim, or the withdrawal of a threat to sue, when the claim is without legal merit, whether its legal validity is known or not, will not uphold a release, or agreement of compromise.' 'When a claim is absolutely and clearly unsustainable, at law or in equity, its compromise constitutes no sufficient legal consideration.' "—*Russell v. Wright*, 98 Ala. 652, 13 South. 594; *Ernst Bros. v. Hollis*, 86 Ala. 513, 6 South. 85; *Thompson v. Hudgins*, 116 Ala. 93, 22 South. 632; *Crawford v. Engram*, 157 Ala. 314, 47 South. 712; *Burleson v. Mays*, 189 Ala. 111, 66 South. 36.

(3, 4) Amended counts A and B, setting up as they do that the consideration in support of the promise to pay was the settlement of a controversy existing between the parties, and not charging that the controversy so settled had any legal merit, that is, involved any obligation between the parties, whereby the one was to be benefited or the other to suffer detriment to the extent that said controversy was based upon a valuable consideration, were subject to demurrer.—*Thompson v. Hudgins, supra,* and cases there cited. The trial court, however, improperly overruled the appellee's demurrer to these counts, and in determining whether or not they will support a judgment we must give them a liberal construction and resolve all reasonable inference in favor of them as stating a cause of action, and must infer that the pleader meant to charge such a controversy as would afford a valuable consideration for the compromise, and which the evidence fails to establish, and the defendant was entitled to the general charge as to these counts.

(5) It may be conceded that the claim in settlement of the controversy could have been recovered under the common counts; yet the proof failed to show that the controversy was such as to afford the basis of a valuable consideration, and this defense was available under the general issue.—*Ivy C. Co. v. Long,* 139 Ala. 535, 36 South. 722; *Shannon v. McElroy,* 3 Ala. App. 519, 57 South. 118.

The judgment of the city court is affirmed.

Affirmed.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.