# Singer Sewing Machine Co. *v.* Teasley, Judge.

### Action to Recover License Tax.

(Decided June 8, 1916.　Rehearing denied January 20, 1917.
73 South. 969.)

1. **Pleading; Demurrer; Conclusion.**—In an action to recover a license tax paid under protest the complaint must particularly allege the facts relied on as rendering the tax unlawful and that payment was involuntary, and such complaint is demurrable when merely stating a conclusion of law.

2. **Same; Requisite.**—The general rule is that a complaint must show the material issuable facts showing plaintiff's right to recovery.

3. **Same; Conclusion.**—While it is proper for the complaint to state the conclusion of the pleader, yet it must show facts to justify the conclusion stated.

4. **Licenses; Payments; Presumption.**—Unless the contrary is shown it is presumed that the money paid for license taxes is voluntarily paid.

5. **Same; Voluntary Payment.**—When voluntary payment of license fees is spoken of, the word "voluntary" is not used in its ordinary sense since payments may be voluntary which are made unwillingly as a choice of evils.

6. **Same; Compulsory Payments.**—A compulsory payment of license tax is one made under actual or existing duress imposed upon the payer by the officers to whom the payment is made.

7. **Pleadings; Conclusion; Compels.**—A count alleging that plaintiff was compelled to pay a license tax was demurrable as alleging a conclusion not supported by facts; the word "compelled" not necessarily importing elements of compulsory payment.

8. **Same.**—The fact that in a complaint to recover license tax paid under protest, a count alleged that plaintiff was a merchant selling machines at an established place of business, exempted from license tax by Acts 1911, p. 159, did not cure error in stating the necessary elements of the cause of action in the conclusion of law wherein it was stated that the plaintiff was compelled to pay the tax.

[Singer Sewing Machine Co. v. Teasley, Judge.]

9. **Licenses; Recovery; Complaint.**—Where the action was to recover license taxes a count alleging the exemption of sewing machine merchants doing a business at an established place under Acts 1911, page 159, but not showing how plaintiff was selling machines, leaving that to inference merely, was demurrable.

10. **Same.**—Where a count to recover license taxes paid under protest referred to General Acts 1909, p. 165, which permits recovery of taxes paid through mistake of the probate judge, but failed to allege facts showing such mistake, it was demurrable.

11. **Same; Presumption.**—An applicant for license required for certain occupations is presumed to know his own business, and license money voluntarily paid by him with knowledge of all the facts cannot be recovered.

12. **Same; Statutes; Purpose.**—The purpose of the Acts 1909, p. 165, amending section 2411, Code 1907, was to relieve tax payers of the general rule that one voluntarily paying a tax illegally demanded cannot recover it.

13. **Actions; Remedy.**—Where a new right is given by statute and a special remedy provided, the remedy can be applied in no other way than that prescribed by the statute.

14. **Constitutional Law; Legislative Power.**—Matters of taxation being strictly statutory the courts have no authority to correct supposed defects in legislative action so long as no principle of constitutional law is infringed.

15. **Pleadings; Plea; Demurrer.**—Where plaintiff sought to recover money received by defendant and the latter replied that the payment was for licenses which the plaintiff received, such a plea presented a proper issue and was not demurrable as being unintelligible.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Action by the Singer Sewing Machine Company against Charles B. Teasley, Judge of Probate, to recover license money alleged to have been paid through mistake. Judgment for defendant and plaintiff appeals. Affirmed.

TYSON & ARRINGTON, for appellant. WILLIAM L. MARTIN, Attorney General, and LAWRENCE E. BROWN, Assistant Attorney General, for appellee.

SAYRE, J.—In the trial court demurrers were sustained to the first, third, fifth, and sixth counts of the complaint. These rulings as to the first and third counts are assigned for error. As affording most ready access to the questions involved, we quote the third count, as follows: "Plaintiff claims of defendant the further sum of $1,265.55, being the sum of money paid by plaintiff to defendant under protest on July 6, 1914, for state and county licenses for the years 1911, 1912, 1913, and 1914, for engaging in the business of selling sewing machines as a mer-

chant at its regularly established places of business, and for delivering by wagons machines so sold by plaintiff, together with tax commissioner's fees of 10 per cent. and the defendant's fees for issuing said licenses, which sum of money was illegally exacted of plaintiff by defendant, and which plaintiff was compelled to pay, with interest thereon from July 6, 1914."

Such grounds of demurrer assigned as were not merely general, we think, may be fairly formulated as follows: (1) the illegal exaction complained of is alleged as a mere conclusion of the pleader; and (2) for aught appearing plaintiff's payment was voluntary, and not under legal compulsion.

(1) As covering both objections thus taken to the complaint, we quote the text of 37 Cyc. at page 1188: "The petition or complainant in an action to recover back money as taxes much allege distinctly the facts relied on as rendering the tax illegal or its exaction unlawful, and this not in general terms, but with such particularity that the court may judge of their sufficiency. It must also allege the payment of the tax, and that such payment was involuntarily, when this is necessary to entitle him to recover, with facts showing duress or compulsion or some compelling necessity of making the payments."

(2) This is nothing more than a statement, with adaptation to this particular class of cases, of the general rule of pleading which requires that the complaint shall state the material issuable facts indicating plaintiff's right to recover. The point raised by the first ground of demurrer, as we have stated it above, is not argued in *Francis v. Southern Railway*, 124 Ala. 544, 27 South. 22, but the application of the principle is implied in the ruling in that case. So in *Commissioners' Court v. Southern Railway*, 146 Ala. 439, 41 South. 463, reference to the cases cited in the note to the text of Cyc. supra will disclose the general understanding that in cases of this character the complaint must allege specific facts sufficient to show how and in what particular the tax money sought to be recovered has been illegally exacted. In *Pelton v. Bemis*, 44 Ohio St. 51, 4 N. E. 714, in which the point was taken by demurrer, after noting that the facts alleged in the common counts import an indebtedness, the court said: "But we know of no case, and certainly none has been cited, that has gone to the length of holding that an averment that the defendant is indebted to the plaintiff would support a recovery in any instance; and yet such an averment is no

more purely a question of law, than an averment that an assessment is illegal and void."

And in *M. & W. P. R. R. Co. v. Duer,* 46 Ga. 272, where the question was raised in the same way, the court held that the facts going to .show that the taxes had been illegally collected and received by the defendant should have been alleged so that the court might judge whether under the law applicable thereto the taxes had been illegally collected and received; that it was not enough for the plaintiff to allege that the collection of taxes was illegal, without alleging the facts which made it illegal.

(3-7) In respect of the second ground of demurrer as we have stated it: The principle of pleading involved is precisely that already considered. It was proper, of course, that the pleader should state his conclusion, but facts to justify it should have been stated also. The allegation that "plaintiff was compelled to pay" is employed to exclude the conclusion that the payment was voluntarily made, and a proper exclusive averment was necessary; for payments of money for taxes are presumed to be voluntary within the meaning of the law until the contrary is made to appear.—2 Cooley, Tax. (3d Ed.) 1499. But, "when a voluntary payment is spoken of, the qualifying word is not used in its ordinary sense, and many payments are held voluntary which are made unwillingly and only as a choice of evils or of risks."—Id. 1501. We do not consider that the word "compelled" necessarily imports that those elements which enter into duress or compulsion as defined by this court for the purposes of cases of this general character, viz.: This, in substance, that payment is not to be regarded as compulsory unless made to relieve the person or property from an actual and existing duress imposed upon the payor by the officer to whom the payment is made.—*Winter v. Montgomery,* 65 Ala. 411; *Raisler v. Athens,* 66 Ala. 194; *Southern Ry. v. Florence,* 141 Ala. 493, 37 South. 844, 3 Ann. Cas. 106. Hence we hold that, in the respect just here in question, the count was demurrable on the ground taken against it, for that the allegation that plaintiff was compelled to pay was the statement of a mere conclusion of law unsupported by facts.

(8) It may be inferred that this count of the complaint was framed with reference to section 32 of the revenue act of March 31, 1911 (Acts 1911, p. 159, et seq.), which reads: "Each person, firm or corporation selling or delivering sewing machines

either in person or through agents, shall pay fifty dollars annually, for each county in which they may sell or deliver said articles. And for each wagon and team used in delivering or displaying the same an additional sum in each county of twenty-five dollars annually; but this section shall not apply to merchants selling the above enumerated articles at their regularly established places of business."

(9) It appears from this section that the business of selling sewing machines by traveling salesmen is intended to be taxed, and the business of selling them at established places of business is intended to be left untaxed, so far as this section is concerned, although the machines sold at these places be delivered by wagons, and upon this construction of the act it is contended that the language of the count shows that plaintiff (appellant) was a merchant selling sewing machines at its established place of business, and therefore within the proviso excepting it from the tax imposed. So then, the argument proceeds, the facts alleged show an illegal exaction under compulsion. This argument, so far as the necessary element of legal compulsion is concerned, rests entirely upon the use of the word "compelled." We believe we have sufficiently refuted the sufficiency of the count in that respect. As for the further proposition that the count shows that the money paid by plaintiff was illegally exacted, meaning only, we take it, that defendant received the amount claimed in excess of the amount fixed by law as the license tax for the business in which plaintiff was engaged, we think this conclusion also can only be reached by a process of inference, and that a process so inconclusive as to amount to hardly more than a speculation. At least it is safe to say that the count does not show how plaintiff was selling machines in Montgomery county, whether from one or more established places of business or by traveling salesmen only, and if by the latter method only, then it does not appear how many wagons and teams were so employed. Matters essential to be pleaded cannot be left to vague inference as against a demurrer taking apt objection.

(10) We have considered the count thus far with reference only to general principles of pleading, and as if plaintiff's substantive right depended upon defendant's unlawful exaction of the money by compulsion or legal duress as that has been defined by this court. But plaintiff refers to the act approved August 25, 1909 (Acts Sp. Sess. 1909, pp. 165, 166), amending section

2411 of the Code so as (in pertinent part) to read as follows: "And any person who, through a mistake or error of the probate judge, has paid to the probate judge money that was not due from him for such license, or by * * * mistake has paid to the probate judge for such license an amount in excess of that required by law for the business to be carried on by such person under the license, such person shall be entitled to have refunded to him the amount * * * so erroneously collected by the probate judge, and the provisions of this section shall apply in cases where money has heretofore been so erroneously paid within two years before the approval of this act."

And upon this section it contends that the count states a cause of action against defendant.

(11-13) Answering this contention it may be enough to repeat that it is not made to appear that the probate judge has made any mistake either of law or fact, nor is there any allegation of facts from which a mistake of either sort is to be certainly inferred. And besides, but with more particular reference to the common counts and the special plea to which we will come hereafter, we should say that mistake of fact in such case, whether the taxpayer applies for a license to do business in the future, or whether, as seems to be the case here, he applies for a license to make good to the state and county an indebtedness on account of business already done without a license, could scarcely exist, except in connection with gross negligence on the part of the applicant, for which the probate judge can be in no sense or part responsible. The applicant must be held to know his own business, and the rule is universal, unless changed by statute, that tax money paid voluntarily by one with knowledge or means of knowledge of all the facts cannot be recovered.— *Walser v. Board of Education*, 160 Ill. 272, 43 N. E. 346, 31 L. R. A. 329. The Legislature, when authorizing this license tax, fixed its specific amount at $50 annually for each county in which machines were to be sold or delivered, and an additional sum of $25 for each wagon and team used in delivering or displaying the same, and that was the end of the matter. No inquiry into the value of property or the amount of business done was involved, nor any other question of a judicial nature, herein differing from the assessment of ad valorem or property taxes.— *Hager v. Reclamation District*, 111 U. S. 701, 709, 4 Sup. Ct. 663, 28 L. Ed. 569. If plaintiff desired a license under section 32 of

the revenue act of 1911, it had only to pay the amount fixed by the statute. This consideration of the peculiar nature of the transaction between plaintiff and defendant would seem to lead also to the conclusion that there could have been no such compulsion or fraud on the part of the probate judge as would authorize the recovery of money paid for taxes. The probate judge had nothing to do nor any power in the premises except to issue or refuse to issue the license requested. He may have misapprehended, or, we may even assume for the argument, he may have fraudulently misrepresented, the law; but, apart from any operation or effect amended section 2411 may have, it was no less incumbent on plaintiff than on defendant to know the law. As for mistake of law—and it appears that upon this plaintiff's right must depend—consisdering the nature of license taxes, our judgment is that the amended section in question, declaring the right, and section 2412, giving the remedy, have been enacted to relieve taxpayers of the common rule that one who voluntarily pays a tax, illegally demanded or received by the probate judge in ignorance or mistake of the law, has no ground of recovery. No two sections of the Code are more intimately related in origin or subject-matter or more certainly have but a single purpose. But they provide only a remedy against the state or the county, in substance, against the fund in the possession of the state or county, and not against the probate judge. Indeed, the application under these sections is made to, and the remedy is administered by, not against, the probate judge; and the rule is familiar, and of great practical importance, that: "When by a statute a new right is given, and a specific remedy provided, or a new power, and also the means of executing it are provided by statute, the power can be executed and the right vindicated in no way than that prescribed by the statute."—*Chandler v. Hanna*, 73 Ala. 390.

(14) Not only so, but matters of taxation are strictly statutory, and the courts have no general authority to correct irregularities or supposed defects in legislative action in such matters so long as no principle of constitutional law is infringed.—2 Cooley, p. 1523. It follows that, as against the probate judge, plaintiff's case remains upon the footing established for it by general law, the rule of which is that, where money has been voluntarily paid, with a full knowledge of the facts and circumstances under which it is demanded or received, there can be no

recovery back upon the ground that the payment was made under a misapprehension of the legal rights and obligations of the party paying.—*Elston v. Chicago*, 40 Ill. 514, 89 Am. Dec. 361. Plaintiff has referred to some cases decided in Massachusetts and Michigan; but it appears (2 Cooley, p. 1503) that in those jurisdictions, and some others, there are statutes which allow a general right of recovery in cases of illegal taxes paid, provided only protest is made at the time of payment.

Our conclusion is that there was no error in sustaining the demurrer to the third count of the complaint; and the same consideration leads to the same conclusion as to the ruling against the first count.

(15) The complaint contained also two counts in common form for money received by defendant for the use of plaintiff. Defendant answered these counts by a single plea alleging:

"That the payments therein referred to and described were made to defendant as judge of probate for Montgomery county, Ala., by plaintiff in payment of state and county licenses under the laws of Alabama, and said licenses were issued and delivered to plaintiff."

Demurrer to this plea was overruled, and this action of the court is assigned for error.

There was no necessity for a special plea in bar to bring forward the defense the plea undertook to state. We think there is no especial difficulty in understanding the purpose and effect of the plea. It is that the money for which plaintiff sued was paid by plaintiff to defendant as and for license tax money under the laws of the state for which plaintiff received license, and therefore the conclusion is that plaintiff could not recover. Under the counts the plaintiff was called on to prove, not only that defendant received money, or something under the circumstances to be regarded and treated as the equivalent of money, but that he received it under such circumstances that he was under an obligation to pay it to plaintiff, while under the general issue defendant might have given in evidence any matters going to show that the plaintiff never had any cause of action.—2 Greenleaf, Ev. § 135; *Daniel v. Hughes*, 196 Ala. 368, 72 South. 23; *Ivey Coal Co. v. Long*, 139 Ala. 535, 36 South. 722; *Shannon v. McElroy*, 3 Ala. App. 519, 57 South. 118..

However, the general issue was not pleaded, and the sufficiency of the special plea is in question. Plaintiff criticises

the plea for that it predicates facts concerning "the payments therein [that is, in the counts] referred to," whereas no payments are alleged in the counts. Money recoverable in common assumpsit for money received is not always money paid; the liability in that particular form may arise out of other circumstances. Also for money paid by the plaintiff for the use of the defendant at his request there is an appropriate form; but the counts here were not in that form. Evidently the defendant sought to circumscribe and narrow the issue between the parties to a single question of fact. Doubtless he might have done so with greater technical accuracy. But the reference in the plea which is made the basis of this criticism was to the counts which spoke for themselves, and the unmistakable substance of the plea upon the whole was that plaintiff had made payment to defendant as judge of probate for Montgomery county for licenses under the laws of Alabama, and said licenses had been issued and delivered to plaintiff. These were issuable facts; if there is any substance in what we have said in respect to the character of license taxes and the nature of the transaction originated by the taxpayer when he applies for a license, they presented a meritorious issue; and if the plea was defective, it was defective in form only in that its recital of the matter alleged in the counts was inaccurate, while the particular ground of demurrer which we may suppose was intended to state this criticism, viz., "that the matter attempted to be pleaded in said plea is not intelligible when the plea is construed or considered with reference to said counts," was itself no clearer to its point than the plea.

Another ground of demurrer was that: "For aught that appears, the money sought to be recovered in each of these counts was not paid by plaintiff for state and county licenses as alleged in said plea."

The argument against the plea seems to say that, for aught appearing, though paid for licenses, the money sued for may have been paid as the result of mistake of law or fact, or duress, or fraud. But that is not what the demurrer says, and, according to the law of the case as we have stated it, a demurrer so framed would not have been sustained, for we think the plea sufficiently shows that the money in suit was paid and received as license tax money, for which plaintiff received his licenses.

So then this plea raised this meritorius question whether the action in common assumpsit for money received to the use of plaintiff can be maintained where the money is received as license taxes for the use of the state or county. If the money had been paid by defendant over to the state or county before suit brought, plaintiff could not recover against the judge of probate.—*Crutchfield v. Wood*, 16 Ala. 702; *Gachet v. McCall*, 50 Ala. 307. But, conceding the propriety of assuming that defendant still had the money, since the plea alleges nothing to the contrary, and since defendant was not required to pay the money over to the state or county until the last day of the month in which it was paid to him (Code, § 2408), and this suit was commenced within the month, still the money, according to the plea, was received by defendant for the use of the state and county, and not to the use of plaintiff in any event, because it was received as license tax money, whereby was excluded the idea that it was received as the result of actionable mistake, duress, or fraud, as we have before indicated, and defendant neither had, nor has, any right to make a different use of it.

It results from the best consideration we have been able to give the case that the judgment must be affirmed.

Affirmed.

McCLELLAN, GARDNER, and THOMAS, JJ., concur.