(106 So. 871)

## MOORE v. ORR & KILLCREASE.
### (8 Div. 774.)

(Supreme Court of Alabama. Nov. 5, 1925. Rehearing Denied Jan. 21, 1926.)

**1. Principal and agent ⚫78(3)—Authority of agent provable under general issue.**

Where defendant borrowed money for plaintiff on security of her farm, and paid a debt of plaintiff's husband out of loan, and in action against defendant for money had and received he sought to defend as an agent, but failed to allege authority to pay out money, such failure held immaterial, as authority was provable under general issue.

**2. Witnesses ⚫275(3)—Cross-examination to show reasonableness of claim of authority as agent held proper.**

In action for money had and received by defendants to use of plaintiff, who alleged that defendants had paid debt of plaintiff's husband without her authority, it was not error to permit defendants, on cross-examination of plaintiff, to show that the debt paid was for shingles covering plaintiff's house, since such evidence tended to prove reasonableness of defendant's contention that plaintiff had authorized the payment.

**3. Witnesses ⚫275(3)—Cross-examination to show custom or method of dealing held proper.**

In action for money had and received by defendants to use of plaintiff, defendants claiming that they had paid out money to discharge debt of plaintiff's husband by plaintiff's authority, it was not error to allow defendants, on cross-examination of husband, to show that for many years he had had general management of the farm on which he and plaintiff lived, defendants contending that their authority was derived from plaintiff through him, and that such evidence showed custom or method of dealing.

**4. Husband and wife ⚫138(2)—Conversation with creditor held admissible to show authority to make contested payments.**

In action for money had and received by defendants to plaintiff's use, which plaintiff claimed defendants had paid out in discharge of her husband's debt without authority, evidence that the husband's creditor had conversation with him, wherein he had promised to pay the debt, and that he would authorize defendants to pay it, held proper, defendants contending that plaintiff, through her husband, had given them authority to make such payment.

**5. Husband and wife ⚫138(2)—Evidence as to conversation regarding means of payment held admissible to show authority to make them.**

In action for money had and received by defendants to plaintiff's use, plaintiff contending that defendants had without authority paid her husband's debt with money raised from loan procured for plaintiff by them, evidence that the husband came to see them about the expected means of payment was admissible on the issue of authority conferred upon them by the wife through her husband.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Action in assumpsit by S. E. Moore against Orr & Killcrease. From a judgment for defendants, plaintiff appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

P. W. Shumate and Street, Bradford & Street, all of Guntersville, for appellant.

Neither the husband, as general agent of the wife, nor the wife herself, can make a binding contract that her money should be applied to the payment of her husband's debt. 30 C. J. 619; Code 1923, § 8272; Henderson v. Brunson, 141 Ala. 674, 37 So. 549; Spencer v. Leland, 178 Ala. 282, 59 So. 593; Vinegar Bend L. Co. v. Leftwich, 197 Ala. 352, 72 So. 538; Gravlee v. Cannon, 195 Ala. 549, 70 So. 719; Horton v. Hill, 138 Ala. 625, 36 So. 465.

Isbell & Scruggs, of Guntersville, for appellees.

The wife had authority to constitute the husband her agent for the purpose of paying debts. 30 C. J. 619; Brooks v. Greil Bros., 179 Ala. 459, 60 So. 387; Carrol Mer. Co. v. Folmar, 14 Ala. App. 378, 70 So. 985; Clark & Barker v. Eufaula Brick Wks., 205 Ala. 545, 88 So. 669; Harris v. Geneva Mill Co., 209 Ala. 538, 96 So. 622; Irvin v. Irvin, 207 Ala. 493, 93 So. 520.

SAYRE, J. This is an action by appellant against appellees for money had and received by the latter to the use of the former. The facts are that appellees procured a loan for appellant on the security of her farm, and, as she contends, paid out a part of the money so received in discharge of her husband's

debt without her authority. The wife may not become surety for her husband's debt, but she may pay it out of her own purse if she will. Sample v. Guyer, 143 Ala. 615, 42 So. 106. The real controversy between the parties arises out of the question whether appellees were authorized by appellant to devote a part of the loan negotiated for her to the payment of her husband's debt.

[1] It may be conceded that appellees' third plea was demurrable, for the reason that it alleged their agency, their authority to pay out the money as they did, as a mere conclusion, and without alleging, except by inference more or less anaemic, that they had authority to do that specific thing. But this was of no material consequence, for the evident purpose of the plea was to set up the defense that plaintiff had authorized defendants to pay the money in suit over to one Williams in discharge of a debt which plaintiff owed him, and this was provable under the general issue (Matthews v. Turner, 2 Stew. & P. 239; 5 C. J. 1405, 1406), and upon the face of the record it appears that the issue thus made was the only issue litigated between the parties, and that plaintiff—not to mention defendants—went as fully into the proof of her side of it as she desired, nor did the plea give to appellees the advantage of proving anything less than they would have found or did find it necessary to prove under the general issue. This plea, with this interpretation on it, was submitted to the jury. The defect in the plea was a defect in form of allegation rather than a defect in the matter pleaded, and, in view of the course taken by the trial, we conceive it to be reasonably clear that the ruling upon it resulted in no harm to plaintiff's case. Agnew v. Walden, 95 Ala. 110, 10 So. 224.

[2] There was no reversible error in allowing defendants, on the cross-examination of plaintiff, to show that "the stuff that came from Williams"—the stuff for which defendants paid—"was shingles and stuff that covered your house." Williams was the person to whom appellees had paid the money in dispute. The fact inquired about was by no means conclusive, but it tended to prove the reasonableness of defendants' contention, and was properly allowed.

[3] Nor was it error to allow defendants on the cross-examination of J. W. Moore, plaintiff's husband and a witness in her behalf, to draw out the fact that for many years he had had the general management of the farm on which they lived and had purchased the supplies for it—this, not of much significance, but permissible on cross-examination because defendants' contention was that they got authority from the wife through him and showed their (plaintiff's and her husband's) customary method of dealing with such matters.

[4, 5] Defendants were properly allowed to show by their witness Williams, whose debt they had paid out of plaintiff's money, that he had conversations with the husband of plaintiff, and he had promised to pay witness' debt as soon as he got the loan, meaning the loan on plaintiff's property, and that he would authorize defendants to pay it. This, of course, without its context, would have been inadmissible, but there was evidence from which the jury may have inferred that plaintiff's husband had authority thus to deal with her business affairs, and, that inference being drawn, the evidence here in question was properly admitted. Defendants had communication with plaintiff in person on the subject of the loan and the disposition of the proceeds, though in the main that business was conducted by the husband, and, if by what she said and did she led defendants to believe that she had intrusted those matters to her husband she cannot now be heard to deny his authority. Tobias v. Morris, 126 Ala. 550, 28 So. 517. Nor was there error in permitting defendants to show that the husband came to see them about the expected means of payment. As said above, this, standing alone, would have meant nothing, but, in connection with the other evidence, contributed to the verisimilitude of the contention by defendants.

It is not perceived how the rulings shown in assignments of error 36 to 39, both inclusive, whether technically correct or not, were prejudicial to appellant.

The evidence was in conflict. The defense had good support, and the general charge requested by plaintiff was properly refused and her motion for a new trial overruled without error to reverse.

Other assignments of error need no specific mention. Most of them are not insisted upon. Others are obviously without merit.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.