(112 So. 159)

O'REAR et al. v. SUTTON.   (6 Div. 880.)

Supreme Court of Alabama.   March 31, 1927.

1. **Trial** ⟐143—Conflicting evidence made issue for jury.

Conflicting evidence on question in issue made issue for jury.

2. **Compromise and settlement** ⟐8(3)—Compromise, induced by fraud, is subject to attack.

Where compromise is induced by deceit or other form of fraud, it is subject to attack same as other transactions so induced.

3. **Compromise and settlement** ⟐6(4)—Claim must be in good faith to furnish consideration for compromise agreement.

Where claim is so unfounded in fact that an insistence thereon is in bad faith, it can furnish no consideration for compromise agreement.

4. **Compromise and settlement** ⟐23(1) — Where parties enter into written agreement that dispute exists between them, reciting their claims, and note is executed in keeping with agreement, bona fide dispute is presumed.

Where parties deal at arms' length, touching personal transactions known to both sides, and enter into written agreement that dispute

---

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

exists between them, reciting their respective claims as to matters of dispute, and note is executed in keeping with agreement, prima facie, there was bona fide dispute, and note imports a consideration.

Appeal from Circuit Court, Walker County; Ernest Lacy, Judge.

Action on promissory note by Etta Sutton against Guy V. O'Rear and Caine O'Rear. From a judgment for plaintiff, defendants appeal. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

The agreement by which the note in suit was given is as follows:

"Know all men, that, whereas, Guy O'Rear and Caine O'Rear purchased of W. L. Sutton and Etter Sutton certain lands in Walker county, Ala., and executed to them certain notes for the balance of the purchase price due for said lands; and

"Whereas, the undersigned Etter Sutton and W. L. Sutton have contended that all of said notes and indebtedness was not paid, and the undersigned Guy O'Rear and Caine O'Rear claim that all of said notes have been full paid, and that all of said notes ·have been received by them; and

"Whereas, it is the desire and intention of all of the undersigned to make a full settlement of any and all claims that they may have against either other to this date; and

"Whereas, · undersigned W. L. Sutton and Etter Sutton claim a further sum of money due them and to W. L. Sutton as guardian for Rosa Sutton and Addie Sutton, and it is the desire of all of the undersigned to make a full and final settlement of this claim, together with all other claims the undersigned may have against each other:

"Now therefore, in consideration of the promises of the sum of seventy-two and 50/100 ($72.50) dollars this day paid by Guy O'Rear and Caine O'Rear to W. L. Sutton, W. L. Sutton as guardian for Rosa Sutton and Addie Sutton, minors, and Etter Sutton, the receipt whereof is hereby acknowledged, the said W. L. Sutton as guardian for Rosa Sutton and Addie Sutton and Etter Sutton do hereby accept said sum as full ·and final settlement of any and all claims of every kind and character against said Guy O'Rear and Caine O'Rear to this date. ·

"This the 30th day of June, 1923."

Coleman D. Shepherd, of Jasper, for appellants.

A contract to pay money, made in compromise and settlement of a claim which in fact has no legal merit, is without consideration. Daniel v. Hughes, 196 Ala. 368, 72 So. 23; Ex parte Southern C. O. Co., 207 Ala. 704, 93 So. 662; Prater v. Miller, 25 Ala. 320, 60 Am. Dec. 521; 5 R. C. L. 894; 8 Cyc. 507; Ware v. Morgan, 67 Ala. 461; Thompson v. Hudgins, 116 Ala. 93, 22 So. 632. A note given without valuable consideration is unenforceable. Conwell v. Rice, 202 Ala. 324, 80 So. 406; Cons. P. & F. Co. v. Barnett, 165 Ala. 655, 51 So. 936.

Gray & Powell, of Jasper, for appellee.

Disputed claims are sufficient consideration for an agreement of compromise. Ford v. Bradford, 212 Ala. 515, 103 So. 549; Allen v. Prater, 30 Ala. 458; Motley v. Motley, 45 Ala. 555. The giving of the note was prima facie evidence of an accounting and settlement between the parties of all demands between them up to the time of the execution of the note. Woodley v. Atkins, 159 La. 992, 106 So. 541. A note given in consideration of a compromise is valid. Curry v. Davis, 44 Ala. 281.

BOULDIN, J. The suit is on a promissory note by the payee against the makers.

The questions for review arise upon a plea of no consideration. The note was given for in amount agreed upon, in compromise and settlement of disputed matters. evidenced by an agreement and release in writing, which appears in the report of the case.

[1] One of the matters covered by the gen-. eral terms of the agreement as appears from the evidence was a claim for purchase money for lands of the plaintiff, a married woman, in that without her consent the money had been paid, if at all, not to her, nor any one authorized to receive it. Granting that the money was to be paid through a named bank, plaintiff's evidence goes to the effect that it was to be paid into the bank for her, and, if notes were taken, they were not indorsed by her in such way as to authorize its payment to the husband. The evidence on both sides shows there was such controversy, and the evidence now presents a conflict as to whether the wife was bound by the payments, if made.

Without dealing with other questions, this made an issue for the jury, and the affirmative charge, with hypothesis, was properly refused to defendants.

The court gave the following charge for plaintiff:

."If the note sued on was given in payment of an agreed amount in settlement of a disputed transaction between plaintiff and the defendant, then in such event there would be a valuable consideration for the note sued on."

Appellants insist the giving of this charge was error to reverse. The ground of insistence is that it fails to require proof of a bona fide controversy.

[2, 3] True, if a compromise is induced by deceit or other form of fraud, it is subject to attack as other transactions so induced. Or, if the claim is so unfounded in fact that an insistence thereon is in bad faith, it can furnish no consideration for a compromise agreement. Daniel v. Hughes, 196 Ala. 368, 72 So. 23; Ex parte Southern Cotton Oil Co., 207 Ala. 704, 93 So. 662; Prater v. Miller, 25 Ala. 320, 60 Am. Dec. 521.

[4] But, where parties deal at arms' length touching personal transactions known to both

sides, and they enter into a written agreement that a dispute does exist between them, reciting their respective claims as to matters of dispute, and a note is executed in keeping with the agreement, prima facie, there was a bona fide dispute. The note imports a consideration. The agreement shows its nature.

In view of the evidence, we think the case should not be reversed for the giving of the charge in question. If some phases of the evidence tended to support the plea of no consideration as applied to compromises of this character, the defendants should have presented same by explanatory charges.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.