160 So. 725

STANDARD OIL CO. OF KENTUCKY v.
GRAMLING.

7 Div. 91.

Court of Appeals of Alabama.
April 2, 1935.

Goodhue & Lusk, of Gadsden, for appellant.

McCord & McCord, of Gadsden, for appellee.

SAMFORD, Justice.

The plaintiff and defendant entered into a contract whereby plaintiff was to, and did take charge of one of defendant's filling stations in Gadsden for the purpose of selling and dispensing gasoline and other products. By the terms of the contract the tanks and equipment at the station were owned and furnished by defendant and defendant was to and did furnish the gasoline to be dispensed by plaintiff and for which service plaintiff was to receive as compensation 2 cents on each gallon sold. By the contract plaintiff was responsible for all gasoline delivered to the station, which had to be accounted for each week on an inventory and audit made by the auditor of defendant. At the end of each month and based upon these audits the defendant would send check to plaintiff for amounts due him as commissions on sales. At each inventory and audit of the stations during the time the station was operated by plaintiff, there was found to be a shortage in the gallons of gasoline delivered and that on hand and accounted for. Demand was made on plaintiff by the auditor for the payment of this shortage, and, while protesting to the auditor that the shortage was through no fault of his, plaintiff paid these amounts under protest, that the contract might be continued in force and without such payments the contract would have been canceled. The contract continued from July, 1931, to March 21, 1932, during which time the aggregate amount of the shortages was about $221. During the time the station was being operated by plaintiff, plaintiff was continuously complaining to agents of defendant that the gasoline was constantly disappearing from the tanks, with requests that the matter be looked into, but nothing was ever done about it, although it was shown that the equipment was some ten years old. There was some evidence from which inference might be drawn that the shortage was due to leakage from the underground tanks, which were part of the

equipment of the station for which defendant was responsible.

There is one item of $10.71 not embraced in the foregoing growing out of a sale of gasoline to the Singer Sewing Machine Company, which was an approved account for which plaintiff was entitled to credit and which was deducted by defendant in final settlement with plaintiff. That amount plaintiff was clearly entitled to recover in this action.

Regarding the various shortages of gasoline going to make up the aggregate payment of $221 occurring during the time plaintiff was in charge of defendant's station, the plaintiff's right to recovery depends upon whether these payments were made under legal duress or whether they were voluntary payments. It is beyond dispute that at the time these payments were made plaintiff was in possession of all the facts in the case. It is equally clear that these payments were not made as a result of any legal compulsion. That being the case, such payments cannot be recovered back by reason of the mere fact that they were paid unwillingly. Singer Sewing Machine Co. v. Teasley, 198 Ala. 673, 73 So. 969; Cantonwine v. Bosch Bros., 148 Iowa, 496, 127 N. W. 657.

Where there is no legal compulsion, a party yielding to the demand for payment of an adverse claim cannot detract from the force of his concession by saying at the time of payment, I object or I protest. "The payment nullifies the protest as effectually as it obviates the previous denial and contestation of the claim." Forrest v. New York, 13 Abb. Prac. (N. Y.) 350.

In order to recover money, paid under duress, it must be shown not only that there was duress, but also that the demand or duress was illegal, unjust, or oppressive and that it is against equity and good conscience for the payee to retain the money. 48 Corpus Juris 742 (293). In the instant case the evidence discloses an honest difference between the parties at each settlement period and a voluntary payment of the amount of shortage as shown by the audit and inventory made at the time, both parties being in possession of all the facts. Though paid unwillingly, they may not be recovered back.

The rulings of the trial court were not in accord with the foregoing, and for the error in its various rulings touching these points

the judgment is reversed and the cause is remanded.

Reversed and remanded.